## WINNINGHAM V. HOLLOWAY.

1. JUDGMENTS: *Recovered by administrator: Assignment.*

   Mansf. Dig., sec. 76, provides that the sale of a decedent's choses in action shall be pursuant to an order of court and at public sale. The assignment by an administrator of a judgment belonging to the estate of his intestate, made privately and without an order of court, is therefore void.

2. SAME: *Same.*

   A judgment recovered by an administrator belongs to the distributees of his intestate, subject to the payment of debts and expenses of administration; and where they assign it during the administration their assignee acquires such interest therein as they will be entitled to when the estate is fully settled and the administrator discharged.

3. SAME: *Same: Probating.*

   After the death of H. a judgment which had been obtained against him by the administrator of E. was assigned by the latter's distributees to W. After the estate of E. had been fully settled and his administrator discharged, W. presented the judgment for allowance as a claim in his favor, against the estate of H. It was not authenticated by the oath of the administrator or distributees. Sec. 106, Mansf. Dig., is as follows: " If the debt be assigned, after the debtor's death, affidavit shall be made by the person who held the debt at the death of the debtor, as well as the assignee." *Held:* That W. was entitled to probate the judgment and it was not necessary that it should be authenticated by the affidavit of E.'s distributees who, as they were not authorized to collect the judgment, are are not, therefore, such assignors as are referred to by the statute. *Held,* further, that the administrator was not required to make the affidavit because he was not the assignor of the claimant, and that in such case the statute provides for no authentication by an assignor.

Winningham v. Holloway.

APPEAL from *Ashley* Circuit Court.

JNO. M. BRADLEY, Judge.

*M. L. Hawkins* and *G. W. Norman*, for appellant.

1. There had been a *final settlement* of the estate; all debts had been paid; there was nothing more for an administrator to do, and the judgment passed by law to the heirs at law. They had the legal title to it and could assign to whom they pleased. 6 Wallace (U. S.), 458, 461.

2. The affidavit of Winningham was all that could be required in this case. The affidavit required by sec. 106, Mansf. Dig., not necessary under the circumstances. Mansf. Dig., sec. 102; 13 Ark., 276.

3. That the legal title was in the heirs, see 27 Ark., 445, 637; 5 Id., 608; 30 Id., 775.

4. That sec. 106, Mansf. Dig., is not a prerequisite, see 13 Ark., 276; 14 Id., 246; 22 Id., 535; 25 Id., 219; 9 Id., 440; 15 Id., 39; 13 Id., 262.

*Mark Valentine*, for appellee.

1. The heirs had no right to assign to Winningham the judgment in favor of Johnson as administrator. The assignment was made before the administrator's discharge. The heirs could not collect the judgment; they could not sue to recover it. 31 Ark., 723.

2. The claim was not properly authenticated. Mansf. Dig., sec. 106. It should have been sworn to by the Ethridge heirs.

BATTLE, J.

In 1865 George W. Ethridge died intestate, leaving an estate consisting partly of money. One Johnson administered; and he was ordered by the probate court to loan the money. J. L. Holloway borrowed about $600.00 of it, and he exe-

cuted his note therefor. The note not having been paid at maturity, the administrator brought suit on it against Holloway and recovered judgment, on which an execution was issued, and a small part of it was collected. In April of 1877, Johnson as administrator of Ethridge, filed a settlement in which he claimed a credit for the balance due on the judgment. The credit was allowed and the settlement was confirmed. Sometime after this, on the 10th of August, 1878, the distributees of Ethridge transferred the judgment to James H. Winningham; and still later on (when, it does not appear), the administrator, privately and without the direction of a court, assigned it to A. P. Holloway. In the meantime J. L. Holloway, the judgment debtor, died, and John D. Holloway became the administrator of his estate. When he died it is not shown, but it is conceded that he died before the transfer was made to Winningham. In April, 1881, Johnson as administrator of Ethridge, filed his final account current in the probate court and represented therein that he had paid the balance which remained in his hands at the filing of his last settlement, to the distributees of his intestate, and asked a credit and filed a receipt of the distributees therefor. At the next term thereafter the probate court confirmed his settlement and discharged him from further liability as such administrator. Each of the assignees of the judgment against J. L. Holloway, claiming to be the rightful owner of the same, presented it for allowance against the estate of J. L. Holloway. It was not authenticated, as presented by either one of the claimants, by the oaths of the administrator or distributees of Ethridge. It was allowed in the probate court in favor of Winningham, and the administrator of Holloway and A. P. Holloway appealed to the circuit court. In the circuit court the administrator of Hollo-

Winningham v. Holloway.

way moved to dismiss the claim as presented by Winningham (1), because he was "not the owner, and (2) because it was not properly authenticated by his assignors. The court heard the evidence introduced to support the claim of each claimant and the motion to dismiss, sustained the motion and dismissed the claim as presented by each of the parties, and Winningham appealed.

The questions presented by counsel for our consideration and decision are: (1) Is the executor of James H. Winningham the owner of the claim in controversy; and (2) if so, was it legally authenticated?

1. JUDG-
MENTS:
Recovered
by adminis-
trator: As-
signment.
The statute of this State prohibits the sale of personal estate of deceased persons "unless the same be ordered by last will and testament, or by direction of the court; and when so ordered or directed," provides that "the executor or administrator shall sell the same at public sale;" and expressly provides that the sale of choses in action shall be pursuant to an order of court and at public auction. The transfer to Holloway by the administrator was, therefore, in violation of the statutes, and conveyed or transferred no interest in the judgment. Mansf. Dig., secs. 73, 76, 77, 78.

2. SAME.
The administrator of Ethridge held the property of his intestate in trust for the benefit of those concerned,—first for the benefit of the creditors, and then for the distributees and heirs. Whenever the debts of his intestate and the expenses of administering the estate were fully paid, the distributees and the heirs became entitled to the balance of assets remaining on hand. In *Crane v. Crane*, decided at the present term, this court held that a judgment obtained by an administrator, after an estate has been fully settled and the administrator discharged, becomes the property of the distributees of the intestate, and can be revived in their names. In the

absence of an assignment, the judgment in this case would
have become the property of the distributees of Ethridge
when the estate was fully settled and his administrator dis-
charged. But the effect of the assignment they undertook to
make to Winningham was to transfer all their interest in the
judgment, which was such interest as they were entitled to
when the estate was fully settled. It follows, then, that the
executor of Winnigham was entitled to probate the judgment
in controversy against the estate of J. L. Holloway.

But it is contended by appellee that the judgment was 3. Probating
not so authenticated as to entitle it to allowance against the
estate of Holloway, because it was not sworn to by the as-
signors. It is true that the statute of this State provides that no
debt against the estate of deceased persons shall be paid or al-
lowed before the same shall be sworn to in the manner prescrib-
ed by law; and that " if the debt be assigned after the debtor's
death, the affidavit shall be made by the person *who held the
debt at the death of the debtor*, as well as the assignee."
But it is clear that the statutes refer to such assignors as
were authorized to collect the debt; for the affidavit required
is to the effect "that nothing has been paid or delivered to-
wards the satisfaction of the demand, except what is credited
thereon, and that the sum demanded (naming it) is justly due."
The administrator of Ethridge is not required to make the affi-
davit to the claim in controversy, because he was not the assig-
nor; and the distributees are the assignors but were not re-
quired to make it because they were not authorized to col-
lect and are not presumed to know what was paid.

The statute fails to make any provision for an authentica-
tion by an assignor in a case of this kind. So far as the ad-
ministrator is concerned, he is required to account for all
assets which go into his hand under and by the oath he took,

when he assumed the burthen of administration, and an additional oath would not be likely to elicit the truth as to the collections made by him which the first failed to bring to light.

Reversed and remanded for new trial.