[Filed January 6, 1891.]

### ELLEN WEIDER *v.* JOHN OSBORN ET AL.

ADMINISTRATOR—COMMON LAW—TITLE TO PERSONAL PROPERTY.—At common law the legal title to all personal property of the deceased vested in the executor or administrator with absolute power to dispose of it, and, in the absence of fraud or collusion between him and the person to whom he transferred it, the creditors or next of kin could not follow it into the hands of the alienee.

STATUTE MODIFIED—COMMON LAW.—The statute has curtailed the power of the executor or administrator to sell or dispose of the personal property of the decedent, and limited it to such as is visible and tangible, except by an order of the probate court, either at public or private sale, as may be provided therein.

CHOSES IN ACTION—VESTED IN EXECUTORS.—With this difference, the power of disposition of the executor or administrator remains as at common law, and the title of all choses in action are vested in him with the authority to collect and otherwise dispose of them.

EXECUTOR MAY SELL.—By force of such power of disposition of choses in action, an executor or administrator may sell, or dispose of them by indorsement to another, or to a distributee, without an orde. of the probate court, and such transfer passes the title, so as to enable the transferee or distributee to maintain an action on them; nor can the makers, in the absence of fraud, abate such action for a want of authority to make the transfer.

Benton county: R. S. BEAN, Judge.

Defendants appeal.    Affirmed.

This was an action brought by the plaintiff against the defendants on a promissory note dated October 20, 1884, made by them and payable to the order of Harrison Weider, twelve months after date, with interest thereon at ten per cent until paid. The complaint alleges the execution of the note, the death of Harrison Weider, intestate, on the 5th day of September, 1885, the appointment of Geo. W. Weider as administrator of the estate of Harrison Weider, and his qualifying as such administrator; that the plaintiff was the wife of Harrison Weider, and that the administrator duly assigned and transferred said promissory note to the plaintiff as a part of her distributive share of the estate, etc. The answer admits the execution of the note, but denies the assignment alleged and the plaintiff's ownership of said note, etc. On the trial the defendants objected to all evidence which tended to show that said note was assigned and trans-

ferred to the plaintiff as her distributive share of said estate by the administrator, which on being overruled and exceptions taken, are now assigned as error. There was no evidence that an order of the probate court had ever been made directing such assignment and transfer, etc. The trial resulted in a verdict and judgment for the plaintiff, from which the present appeal is brought.

*J. R. Bryson,* and *W. S. McFadden,* for Appellant.

An administrator is simply an officer of the court, and has no right to dispose of the property of the estate except by order of the court. (Hill's Code, § 1141; Schouler Ex. and Admin. §§ 241, 240, and note 2, § 241; *Beckett* v. *Selover,* 7 Cal. 238, 68 Am. Dec. 237; *Meeks* v. *Hahn,* 20 Cal. 628; *Chapman* v. *Hollister,* 42 Cal. 463; *Winkle* v. *Winkle,* 8 Or. 195; Freeman, Void Judicial Sales, §§ 9, 10; *Kendall* v. *Miller,* 9 Cal. 591; *De La Montagnie* v. *Union Ins. Co.* 42 Cal. 291; *Wells* v. *Chaffin,* 60 Ga. 677; *Humphreys* v. *Taylor,* 5 Or. 260; *Harrington* v. *La Rocque,* 13 Or. 344.)

The acts of the administrator did not amount to a voluntary distribution even if that doctrine obtained in this state. (Schouler's Ex. & Admrs. §§ 496, 504; Woerner's Law of Admrs. §§ 561, 562, 565.)

*Seth R. Hammer,* and *Bingham & D'Arcy,* for Respondent.

An administrator has full authority to indorse promissory notes, and the transferee will take a good title to the instrument unless chargeable with knowledge of fraudulent perversion on the part of the representative. (7 Am. and Eng. Ency. Law, 298; *Nelson* v. *Stollenwerck,* 60 Ala. 140–144; *Waring* v. *Lewis,* 53 Id. 630; *Clark* v. *Moses,* 50 Id. 326; *Cleveland* v. *Harrison,* 15 Wis. 741–745; *Williams* v. *Ely,* 13 Id. 1–5; *Marshall Co.* v. *Hanna,* 57 Iowa, 372–374; *Cahoon* v. *Moore,* 11 Vt. 604–605; *Beecher* v. *Buckingham,* 18 Conn. 110–121, 44 Am. Dec. 580; *Rogers, Adm.* v. *Zook,* 86 Ind. 237; *Hough* v. *Bailey,* 32 Conn. 288–290; *Walker* v. *Craig,* 18 Ill. 116–125; *Spcelman* v. *Culbertson,* 15 Ind. 441–442; *Thomas* v. *Reister,* 3 Id. 369; *Wilson* v. *Doster,* 7 Ired. 231–233; *Wilkins* v. *Ellett,*

108 U. S. 256–259; Randolph on Com. Paper, § 441.)

In South Carolina the statute of which declares that no sale of personal property shall be valid if made without order of court, it is held that this provision does not affect the common law right of executors to sell the choses in action. (*Rhame* v. *Lewis*, 13 Rich. Eq. 269–298; *Reynolds* v. *Rees*, 23 S. C. 438; *Chapman* v. *City Council of Charleston*, 30 S. C. 549.)

Parties interested in an estate may agree to voluntary distribution. (2 Woerner, § 566; *Brown* v. *Forsche*, 43 Mich. 492–497; *Brewster* v. *Baxter*, 2 Wash. 135.)

Such an arrangement may be made after an administrator is appointed as well as before. (*Clark* v. *Clay*, 3 N. H. 393; *Cutliff* v. *Boyd*, 72 Ga. 302–313.)

Section 1141 of the Code does not apply to choses in action or to distribution. (Charlton's Appeal, 88 Pa. St. 476; *Biays* v. *Roberts*, 68 Md. 510–513.)

A personal representative may make partial distribution without any order of the court, but if he does so it is at his own risk. (Schouler Ex. and Admrs. § 504.)

LORD, J.—There is but one question presented by this record, and that is whether the administrator could make a transfer of the note to the plaintiff as a part of her distributive share of the estate without an order from the probate court. The defendants admit the execution of the note, nor do they deny their liability to pay it, but they seek to abate the action upon the ground that the transfer did not pass the title to the plaintiff, or out of the estate of her deceased husband, and that without an order for the transfer by the probate court, they would still be liable to that estate. At common law the legal title to all personal property of the deceased vested in the executor or administrator with absolute power to dispose of it; and, unless there was fraud or collusion between him and the person to whom he transferred it, the creditors or next of kin could not follow it into the hands of the alienee. In Williams on Executors it is said that: "It is a general rule of law and equity that an

executor or administrator has an absolute power of disposal over the whole personal effects of his testator or intestate, and that they cannot be followed by creditors. The principle is that the executor must sell in order to perform his duties in paying debts, etc., and no one would deal with an executor or administrator if liable afterwards to be called to account." (Williams on Executors, 932.) But under our statutes the power of the executor or administrator to sell or dispose of the personal property of the decedent, has been curtailed and limited to such as is visible and tangible, except by an order of the probate court either at public or private sale as may be provided therein. (Hill's Code, §§ 1140, 1144.) The reasons are many and manifest why the distinction should exist and be applied in the construction of the statutes authorizing the sale of personal property of the estates of decedents. Choses in action are not properly the subject of sale, and their conversion into money is ordinarily by collection, and not by public auction, which is unusual. To put choses in action on the same footing as other personal property, and likewise require an order from the probate court to authorize their sale, might only result in exchanging one chose in action for another; for while the statute does not assume, yet it fairly contemplates that the interests of the estate may require that the order for the sale of personal property may direct the sale to be made on terms of credit, which might involve as to the sale of some of such personal property, if notes be included, the exchange merely of one note for another; but with this difference, the power of the executor or administrator remains as at common law. The title of all choses in action are vested in him, and the authority to collect or otherwise dispose of them. This is the view taken under a statute of like import in Alabama. In *Waring* v. *Lewis*, 53 Ala. 630, the court says: "The statutes of this state have deprived an executor or administrator of the power to dispose of visible, tangible personal property, the subject of sale, otherwise than at sale under an order of this court of probate; and with one or two excep-

tions, the sale must be at public outcry. In other respects his title and power of disposition remain as at common law. He has the full legal title to the choses in action of the deceased, and is charged with the duty of collecting and reducing them to possession. He may transfer, release, compound or discharge them as fully as if he was the absolute owner, subject only to his liability to answer to creditors and distributees for improvidence in the exercise of his power."

That the executor or administrator's power of disposition over the choses in action of the deceased remains unaffected by this legislation, is likewise clearly stated in *Rhame* v. *Lewis*, 13 Rich. Eq. (S. C.) 298, in which the court says: "This legislation cannot, however, be understood as intended to apply to all the assets of an intestate. The terms used, 'personal estate,' 'personal property,' are certainly large enough to embrace every class. But choses in action, at least such as are merely securities for money due, are not properly the subject of sale; their conversion is ordinarily by collection, and such conversion by public auction is an unusual proceeding. Many reasons which may be supposed to have induced this legislative restraint upon the administrator's power of sale are wholly inapplicable to them, and the sales contemplated by the acts being, although not positively required, plainly assume to be on credit, which result in a mere exchange of one chose in action for another. Yet, though the proper method of conversion in such case is by collection, circumstances may exist in which a more speedy conversion by exchange with a third person for the money, or even by pledge for advances, may be important to the interests of the administration. The administrator's power of disposition over his intestate's choses in action remains unaffected by this legislation and continues as his power has been described to have been over the assets generally before the Acts. Any one may securely take them from him, either absolutely or conditionally, by any of the usual

methods of legal or equitable transfer, for value in good faith."

These decisions show that it was not the intention of such legislation in requiring an order for the sale of personal property to include choses in action, or to deprive the executor or administrator of the power of disposition over them. This doctrine of the common law, that the title to them is invested in him, and that he may sell or dispose of them, by indorsement or otherwise, so as to carry the title, and that such purchasers or indorsees may maintain an action on them in their own name, wherever an assignee is per-. mitted to sue in his own name, is sustained by numerous adjudications. (7 Am. & Eng. Ency. 298.) So, too, he may transfer such notes to a distributee of the estate in payment of his share of the estate, and such transferee may thereupon maintain an action in his own name. In *Clark* v. *Moses*, 50 Ala. 326, the note came to the plaintiff by transfer from the executor, to whom it was paid by the payees, as so much of her distributive share of her husband's estate, and without any order of the probate court, and the court held that a promissory note may be transferred by an executor or administrator to a distributee in payment *pro tanto* of his distributive share, and that such transfer passes a title to the distributee, on which he may maintain an action against the maker, or successfully defend an action by an administrator *de bonis non*. In *Hough* v. *Bailey*, 32 Conn. 288, it was objected that the transfer was void because the requirements of the statute in respect to distribution of the estate were not complied with, but the court held otherwise, saying that "the title to the note was vested in the administrator, and he had authority to collect or otherwise dispose of it. If he disposed of it improperly it might render him liable on his bond, but would not affect the title of his *bona fide* assignee." So, too, the same principle was applied in *Marshall County* v. *Hanna*, 57 Iowa, 372, where the defendant questioned the plaintiff's right of action and sought to abate it, although not denying his liability upon the notes; but the court held

that the executor had a general power to dispose of them, and, in the absence of any showing to the contrary, that it must be presumed that this power was rightfully exercised, and said: "Even if the administrator transferred them improperly, still, if the plaintiff took them *bona fide*, it acquired a good title, and the executor is liable upon his bond. The defendant does not show that the plaintiff did not take the evidences of indebtedness *bona fide*. Hence, the action ought not to abate on account of the lack of authority of the executor to make the transfer."

These authorities emphasize the general power with which an executor or administrator is invested in respect to choses in action, and his authority to sell or dispose of them by indorsement to another, or to a distributee, without an order of the probate court, and that such transfer is valid and passes the title, so as to enable the transferee or distributee to maintain an action thereon, and that the payors or makers of them, in the absence of fraud or collusion between the administrator and the person to whom he transferred them, can not abate the action on the ground of a want of authority to make such transfer. "Such being the general powers of the executor or administrator, he may," said DIXON, C. J., "if he chooses, but at his own risk, make an advance to the heir or distributee before a decree for that purpose. His knowledge of the condition of the estate may frequently enable him to do so without any real danger to himself; but if such advances are not afterwards covered by a decree, he and his sureties are responsible. If, therefore, the transfer of the note and mortgage in this case was made to the plaintiff as an advance upon his distributive share, as heir at law of the deceased, it does not, in the absence of any evidence of fraud, collusion, or deficiency of assets, with which to meet the debts due from the estate, constitute any valid objection to a recovery."

Within the principle of these adjudications, upon the facts as disclosed by this record, the defendants have no standing ground upon which to avoid the payment of this

note. There is no pretense of any fraud or collusion, or of any debts due from the estate, or of any bare possibility of a liability, or of objection to the recovery, except a lack of authority in the administrator to make the transfer without an order of the probate court. Nor is there anything in the case of *Winkle.* v. *Winkle,* 8 Or. 193, inconsistent with this result, as that case involved tangible property and not choses in action.

Nor may it be amiss to refer to another aspect of this case, which is entitled to some consideration. So far as this record shows, the plaintiff is the sole heir, but the argument conceded that the plaintiff and the administrator are the only heirs. Why, then, if between themselves, they should agree to make this disposition of the note, is not such a distribution valid? More than five years have elapsed since the death of the original payee, and the only defense is one in abatement for lack of authority on the ground that no title passed by the transfer, and, therefore, there could be no right of recovery in the plaintiff, no matter if the estate was free from debt, and the transfer free from fraud. The argument authorizes us to assume that there was no fraud or collusion, or deficiency of assets, and yet there could be no recovery. In such case, it is difficult to see what objection a creditor could make to the distribution. Such an arrangement, when fairly made, could not injure any one, and there would seem to be no reason that the settlement or distribution which the parties concerned have made, should not be accepted by the court as satisfactory so far as it goes, when the administrator afterwards is summoned to render his accounts.

In any view, it seems to us there was no error, and that the judgment must be affirmed.