## RECEIPT GIVEN BY DISTRIBUTEE FOR MONEY NOT RECEIVED.

[Circuit Court of Hamilton County.]

IN RE ESTATE OF JOHN H. KOEHNKEN, DECEASED.

Decided, February 11, 1903.

*Practice—Administrator—Bondsmen—Distributee—Receipt of—Reopening of Account in Probate Court.*

1, Where a receipt is given by a distributee to an administrator upon distribution, and the account of the administrator is properly published and confirmed by the probate court, the evidence thus perpetuated is com-

plete and binding upon the parties in so far as the giving of the receipt is concerned, but it is not conclusive as to whether the distributee actually received the money or the distribution was made according to law.

2. The verity or legality of a distribution can not be questioned in the probate court by reopening the account after the lapse of eighteen months, but must be determined in an independent action.

3. As to what effect the giving of a receipt to the administrator for money not actually received has upon the liability of the bondsmen of the administrator, is a question which must be determined upon equitable principles in a proper action.

SWING, J.; JELKE, J., concurs.

We are of the opinion that except as to the item of $200 and interest which the administrator had in his hands, and which was not accounted for in his final settlement, the probate court did not have the power to go into the consideration of the question whether in fact the money was paid to Mrs. Koehnken for which she gave a receipt to said administrator.

The receipts were filed by the administrator as required by Section 6190, R. S. The only object of this section is to perpetuate the evidence of distribution and the payment of the money due to those who are entitled to it. Under this section the probate court does not determine who are entitled to the money due on distribution, and it rests on the administrator to pay the money over to those who are entitled to it. If he pays to the wrong person, he may still be compelled to pay over to the person entitled to the same on distribution. In the case of *Negler* v. *Gard,* 20 O., 310, such an action was brought in the court of common pleas.

The evidence here shows that Mrs. Koehnken signed the receipt in which she acknowledges the receipt on distribution of the amount set out in the receipt. The account was properly published and confirmed and nothing was done by the parties for more than eighteen months thereafter. The perpetuation of this evidence under this section, it seems to us, was complete and binding on the parties, so far as the giving of the receipt was concerned, and that is all that it amounts to. Whether in fact the money was paid is an entirely different question and must be determined in another action, and this remark also applies to the further question of what effect the giving of this receipt has on the bondsmen of the administrator. These questions must be the important questions, the

settlement of which the parties must ultimately seek to have determined, and these questions must ultimately be determined by what was actually done by the administrator, and Mrs. Koehnken. and the action of the probate court, and by the action of the parties in permitting the record in the probate court to remain undisturbed for a period of eighteen months.

No action that the probate court can make now, can in the least change this. We find no provision in the statute which authorizes that court after the lapse of eighteen months to undo what had been done by it; and as said above, we find no reason for it as it does not accomplish anything or settle any rights.

The purpose of Section 6190, has been held by our Supreme Court in several cases to be a provision simply for the perpetuation of evidence, and is not binding or conclusive as to the distribution, except when made according to law; and it does not have the effect to discharge the administrator of his trust where assets are still to be administered.

If Mrs. Koehnken received her share of the estate on distribution that is the end of the controversy; if she did not, and has not by her act estopped herself, she. may recover the same in a proper action and the administrator will continue liable until barred by the statute of limitations.

Whether the bondsmen remain liable in any event must be determined upon equitable principles in a proper action, and those questions can not be affected by what the probate court now does, with respect to trying to correct the record of that court, but must be determined by what the court did and by what the parties permitted to remain undone, without objection, for a period of eighteen months.

For these reasons we think the judgment should be modified to the extent above set forth.

*Oscar W. Kuhn,* for the appellant.

*Goebel & Bettinger,* for appellee.