Argued March 28; reversed October 7, 1930

In Re Fehlmann's Estate
HOFER *v.* GOFNER et al.
(292 P. 1027)

*J. W. McCulloch* and *P. J. Gallagher,* both of Port-
land (J. W. McCulloch, Gus C. Moser, and Gallagher &
Conway, all of Portland, on the brief) for appellant.

*Peter A. Schwabe* of Portland (Charles T. Haas of
Portland on the brief) for respondents.

BROWN, J. This opinion refers particularly to
the validity of that certain order made by the circuit
court for Multnomah county, Oregon, rejecting the
final account of Robert G. Hofer, executor of the estate
of Robert Fehlmann, who died testate in Multnomah
county, on May 10, 1928, at the age of 57 years. Fehl-
mann, an unmarried man, left a will, whereby he
bequeathed to a sister in Switzerland $10, to a cousin,
Robert G. Hofer, he devised real property of the
appraised value of $3,000, and to a sister, Louise Fehl-
mann, of Beaverton, Washington county, Oregon, he
devised and bequeathed the property remaining, after
satisfying all lawful claims against his estate. By the
will Hofer was named as executor, to serve without
bonds. The will was duly probated and Hofer appointed
executor. Three appraisers were appointed and an
inventory and appraisement of the property of the
estate was thereafter made but not filed until December
18, 1928. Thereafter notice to creditors was published.

For a further statement of the facts, see the opinion in the companion case filed this day in the matter of the removal of the executor of the estate. [See ante 33.]

■ With respect to the liability of executors and administrators who have acted in good faith and with due prudence, we note the following from 18 Cyc. 292:

"Executors and administrators are not insurers, nor will they be chargeable with the loss or depreciation of the assets where they have acted in good faith and with due prudence and diligence in the care and management of the estate; but they are liable for losses which are the consequence of bad faith or the want of due prudence and diligence."

The record before us is burdened with many technical objections, and these we are not inclined to treat with any degree of patience. The pertinent issue presented relates to the action of the executor in disposing of a certain promissory note for the principal sum of $2,000, and a second for $6,000, each secured by mortgage upon real property. The note first mentioned was appraised at $1,500, and the executor collected that amount and satisfied the mortgage. The second, or the $6,000 note, was appraised at its face value. This note had been hypothecated by the testator to the Bank of Beaverton, to secure the payment of a $2,500 note made by him. During the course of the administration of the estate, the bank demanded payment of the note, and declared its right and purpose to sue if the same was not paid. The executor, assisted by P. O. Brandenberger, Swiss consul, Portland, Oregon, the duly appointed attorney in fact of Louise Fehlmann, residuary legatee under the will, tried to collect the note, but it was not due. They attempted to dispose of it for its face value, but failed. After further effort, the executor applied to the court for an order author-

izing the sale of the note for $4,500, and the court made the order in accordance with the petition. The note was disposed of for $4,500. Out of this amount the bank was paid and the mortgage satisfied by the executor. These facts were reported to the court, and the sale was approved.

It is now contended by the objectors to the final account that the notes above described were not sold, but were transferred, at a discount, to the payers thereof.

Touching upon the right of the executor to dispose of these notes, at the outset we direct attention to the following from 24 C. J., 207, § 716:

"Under the common-law rule, and in the absence of any statute providing otherwise, an executor or administrator has the absolute power to sell or dispose of the personal assets of the estate as he sees fit, and can pass good title to a purchaser."

And at page 210, § 722 (3), we read:

"The common-law rule is that an executor or administrator may transfer choses in action of the estate as fully as if he was the absolute owner thereof, and, although ordinarily choses in action should be collected, rather than sold, circumstances may render a sale, even at a discount, beneficial to the estate; and of the existence of such circumstances the executor or administrator is to judge in the exercise of the discretion committed to him."

■ We have a statute that requires sales of personalty to be made under order of the court; but that statute has no application to choses in action.

In the case of *Weider v. Osborn,* 20 Or. 307 (25 P. 715), this court, speaking through Mr. Justice LORD, in a discussion with respect to the title of the administrator to personal property of the deceased, and his

rights under the common law and our statute in reference to sale thereof, said:

"At common law, the legal title to all personal property of the deceased vested in the executor or administrator with absolute power to dispose of it; and, unless there was fraud or collusion between him and the person to whom he transferred it, the creditors or next of kin could not follow it into the hands of the alienee. In Williams on Executors it is said that: 'It is a general rule of law and equity that an executor or administrator has an absolute power of disposal over the whole personal effects of his testator or intestate, and that they can not be followed by creditors. The principle is, that the executor must sell in order to perform his duties in paying debts, etc., and no one would deal with an executor or administrator if liable afterwards to be called to account.' (Williams on Executors, 932.) But under our statutes, the power of the executor or administrator to sell or dispose of the personal property of the decedent, has been curtailed and limited to such as is visible and tangible, except by an order of the probate court either at public or private sale as may be provided therein. (Hill's Code, §§ 1140, 1144.)  *  *  *  To put choses in action on the same footing as other personal property, and likewise require an order from the probate court to authorize their sale, might only result in exchanging one chose in action for another.''

The learned jurist then quotes from *Waring v. Lewis,* 53 Ala. 630, where the Alabama court, in construing a statute of like import to ours, thus expressed its views:

"The statutes of this state have deprived an executor or administrator of the power to dispose of visible, tangible personal property, the subject of sale, otherwise than at sale under an order of this court of probate; and, with one or two exceptions, the sale must be at public outcry. In other respects, his title and power of disposition remain as at common law. He has the full legal title to the choses in action of the deceased,

and is charged with the duty of collecting and reducing them to possession. He may transfer, release, compound or discharge them as fully as if he was the absolute owner, subject only to his liability to answer to creditors and distributees for improvidence in the exercise of his power."

This decision of the Alabama court has been approved in similar and parallel cases in the state of Alabama many times.

The case of *Weider v. Osborn,* supra, from which we have quoted at length, was cited with approval by our court in *Olston v. Oregon Water Power & Ry. Co.,* 52 Or. 343 (96 P. 1095, 97 P. 538, 20 L. R. A. N. S. 915), where Mr. Justice EAKIN wrote:

"It is settled by *Weider v. Osborn* * * * that section 1168, B. & C. Comp., prohibiting the sale of personal property by an administrator, except upon an order of the county court or judge thereof, applies only to tangible property and has no application to choses in action.

"At common law, the executor and administrator has an absolute power of disposal over the whole of the personal effects of decedent (citing authorities), with full power to compromise or accept any composition or otherwise settle any debt, claim, or thing whatsoever."

In the case of *Grignon v. Shope,* 100 Or. 611 (197 P. 317, 198 P. 520), the defendant objected to the sale of a note for the reason that it was not shown to have been sold and indorsed by order of the probate court. In rendering the opinion in that case the court, speaking through Mr. Justice BEAN, said:

"The objection is untenable. The Wisconsin law and that of our own state are similar in requiring sales of personal property to be made by order of the court; but in each state it is held that negotiable instruments need not be sold by order of the court. That the executor or administrator may sell, indorse, and transfer a negotiable instrument and other choses in action with-

out an order of court, is the rule: *Weider v. Osborn,* 20 Or. 307, 309 (25 P. 715)."

█ From the foregoing, it is apparent that an executor or administrator has the full legal title to choses in action and debts due the deceased, and may, in the absence of fraud or collusion, release, compound and discharge them as fully as if he were the absolute owner, being answerable for improvidence in the exercise of his power.

█ The record in this case shows that each of the notes in question was disposed of by the executor with the knowledge, consent, approval and assistance of the attorney in fact of Louise Fehlmann, residuary legatee and the only person interested in the premises. See 18 Cyc., 1173 (e). In truth, it plainly appears therefrom that she was consulted by her attorney in fact in that regard, and that she consented to such disposition of the notes.

█ In view of the conclusion reached in this cause, it follows that the court erred in denying compensation to the executor for the administration of the estate as provided by law. See Or. Code 1930, § 11-711. Compensation should also have been allowed to the appraisers who signed the inventory and appraisement. The amount due for taxes of every nature should be ascertained and paid. The executor was entitled to the services and guidance of an attorney, and had the benefit thereof, in part, during the course of his administration. Such services, including the hearings in this court, we deem to be of the reasonable value of $200.

█ As we indicated in the companion case, neither party is faultless. Hence we believe that neither should recover costs.

Coshow, C. J., and Bean and Belt, JJ., concur.