(No. 5826.   April 25, 1932.)

# M. G. CUMMINGS, Respondent, v. SYLVESTER LOWE, Appellant.

[10 Pac. (2d) 1059.]

Crowley & Crowley, for Appellant.

C. A. Bandel, for Respondent.

VARIAN, J.—Respondent brought this action to foreclose two mortgages upon farm lands in Bonneville county. The cause was tried to the court without a jury and findings and decree were entered granting foreclosure of one mortgage and denying it as to the other. Defendant appeals from the foreclosure decree in so far as it relates to the mortgage foreclosed. There is no cross-appeal from the decree denying foreclosure of the other mortgage. The principal facts necessary to an understanding of the issues presented and disposed of by this appeal are as follows:

Appellant, Sylvester Lowe, a farmer, on March 26, 1918, borrowed $500 from Barnes Brothers Inc., a Minnesota corporation, and, with his wife, executed and delivered their promissory note therefor, payable April 1, 1923, with interest at six per cent per annum, before maturity, evidenced by five interest coupons for $30 each attached thereto. After maturity the note bore interest at twelve per cent per annum, payable annually. Appellant and his wife, on the same date, executed a mortgage upon farm lands belonging to the community to secure payment of said note.

July 2, 1918, Barnes Brothers Inc. indorsed "without recourse" said promissory note and formally assigned it in writing, together with said mortgage, to one Ellen Jenkins of Racine, Wisconsin. Ellen Jenkins deceased in December, 1926. On August 2, 1927, Mary A. Jenkins, as administratrix of the estate of Ellen Jenkins, deceased, assigned in writing the aforementioned mortgage to Elizabeth Jenkins, Mary A. Jenkins, David E. Jenkins, William E. Jenkins, and Harry A. Jenkins "to each a one-fifth share." Thereafter, on July 16, 1929, said mortgage was assigned to M. G. Cummings, respondent herein, by William E. Jenkins, administrator of the estate of Mary A. Jenkins, deceased, and Elizabeth, David E., William E. and Harry A. Jenkins. The mortgage, and the several assignments thereof, were each duly recorded in the office of the county recorder of Bonneville county, Idaho.

The present action was commenced November 25, 1929, more than five years after the maturity date fixed by the promissory note secured by the mortgage in issue here. Respondent plead the several assignments above mentioned and that on April 24, 1926, while Ellen Jenkins was owner and holder of said note and mortgage, "said defendant, Sylvester Lowe acknowledged in writing the indebtedness unpaid and owing upon said promissory note," and "signed said written acknowledgment addressed to said Ellen Jenkins." The defendant (appellant) admitted the execution of the note and mortgage, denied the assignments thereof, and specifically denied the acknowledgment of the debt, and

affirmatively plead the statute of limitations, C. S., sec. 6609, and that more than five years have elapsed since the maturity of the note.

The court found that the note and mortgage were duly assigned, before maturity, to Ellen Jenkins; that on August 2, 1927, her administratrix duly assigned the same to Elizabeth, Mary A., David E., William E. and Harry A. Jenkins; that thereafter, on July 16, 1929, Mary A. Jenkins, deceased, by William E. Jenkins, administrator of her estate, Elizabeth J., David E., William E. and Harry A. Jenkins, duly assigned said mortgage to plaintiff (respondent); that said assignments were not accompanied with proof of the authority of the administratrix and administrator to assign said mortgage; "that the plaintiff produced said note and mortgage into court, and ever since the 16th day of July, 1929, has been and still is in the possession of the note and mortgage mentioned"; and that plaintiff at the trial testified "that he was the owner of said note and mortgage, and the court therefore finds" he is such "owner and holder." The court further found that while Ellen Jenkins was the owner and holder of the note and mortgage, "on the 24th day of April, 1926, the defendant, Sylvester Lowe, acknowledged in writing the indebtedness represented by the note and mortgage," and held the cause of action was not barred by the provisions of C. S., sec. 6609.

The principal question presented by the issues relates to the right of respondent to maintain this action. As stated, the court found, and there is no evidence to the contrary, that there is no proof of any authority in the administratrix and administrator, respectively, to assign the debt and mortgage sued upon.

At common law an executor or administrator had power to transfer choses in action of his decedent's estate as fully as if he were the absolute owner thereof, and without being thereunto authorized by order of court. (24 C. J. 210, sec. 722, and cases cited *post*.) Manifestly such authority extended to the assignment of the mortgage debt. (24 C. J. 213, sec. 728.) But in many states the statutes

require confirmation by the probate court of sales of personalty as a condition precedent to title passing, and in most instances provide that the executor or administrator must first obtain an order to sell before the sale is binding and valid. (2 Bancroft's Probate Practice, pp. 992, 1024.)

C. S., sec. 7608, provides that partnership interests, interests in personal property pledged, ''and choses in action'' belonging to an estate may be sold ''in the same manner as other personal property when it appears to be for the best interest of the estate.'' C. S., sec. 7609, prior to its amendment, Sess. Laws 1929, chap. 278, p. 647, required that the court make an order for the sale of property where sale was necessary. C. S., sec. 7610, as amended Sess. Laws 1929, chap. 278, p. 647, provides that personal property may be sold at public or private sale. At the time of the purported assignment by the administratrix of Ellen Jenkins, deceased, August 2, 1927, C. S., sec. 7603, read as follows:

''No sale of any property of an estate of a decedent is valid unless made under order of the probate court, except as otherwise provided in this chapter. All sales must be reported under oath and confirmed by the probate court before the title of the property sold passes.''

In amending this section the legislature struck the first sentence, amending the statute to read:

''All sales of property must be reported under oath, and confirmed by the probate court, before the title of the property sold passes.'' (Sess. Laws 1929, chap. 278, p. 646.)

■ ''We cannot take judicial notice of the laws of a sister state. In the absence of pleading and proof as to what the laws are in a sister state, we must assume that the same law prevails in the foreign state that prevails here.'' (*Maloney v. Winston Bros. Co.*, 18 Ida. 740, 763, 111 Pac. 1080; *Mechanics & Metals Nat. Bank v. Pingree,* 40 Ida. 118, 129, 232 Pac. 5; Jones' Commentaries on Evidence, 2d ed., sec. 321, p. 536; see, also, *Bovard v. Dickenson,* 131 Cal. 162, 63 Pac. 162; *Webb v. Reynolds,* (Tex. Com. App.) 207 S. W. 914.) As to the manner of proof, see C. S., sec. 7944; *Moore v. Pooley,* 17 Ida. 57, 62, 104

Pac. 989. There being no pleading or proof as to the laws of the state of Wisconsin, where the Ellen Jenkins estate was probated, as to transfers of choses in action by executors or administrators, we are bound to assume that the law of Wisconsin is the same as the law of Idaho concerning such transfers.

In construing code provisions like, or similar, to those of our code above referred to, some courts have held such provisions apply only to tangible personalty and as not affecting the power of the representative to transfer choses in action. (24 C. J. 211; *Weider v. Osborn,* 20 Or. 307, 25 Pac. 715; *In re Fehlmann's Estate,* 134 Or. 46, 292 Pac. 1027; *Olston v. Oregon Water Power & Ry. Co.,* 52 Or. 343, 96 Pac. 1095, 97 Pac. 538, 20 L. R. A., N. S., 915; *Chapman v. City Council,* 30 S. C. 549, 9 S. E. 591, 3 L. R. A. 311.) However, the weight of authority, and we think the better rule is to the effect that these statutory provisions, in force in 1927, make an order of the probate court necessary to validate sales of the intangible (including choses in action) as well as the tangible personalty of estates of deceased persons. (See 24 C. J. 211; 2 Woerner's American Law of Administration, 3d ed., p. 1094; *Wickersham v. Johnston,* 104 Cal. 407, 43 Am. St. 118, 38 Pac. 89; *Bovard v. Dickenson, supra; Winningham v. Holloway,* 51 Ark. 385, 11 S. W. 579; *Alexander* v. *Fidelity & Deposit Co.,* 108 Md. 541, 70 Atl. 209; *Jelke v. Goldsmith,* 52 Ohio St. 499, 49 Am. St. 730, 40 N. E. 167; *Whitehurst v. Mason,* 140 Ga. 148, 78 S. E. 938; *Jones v. Wheeler,* 23 Okl. 771, 101 Pac. 1112; *Webb v. Reynolds, supra; Harden v. State Bank of Goldendale,* 118 Wash. 234, 203 Pac. 16.) Respondent's complaint discloses that his right to sue depends upon an order of court which he was required to prove by competent evidence. The burden of proof was on him. (*Webb v. Reynolds, supra; Bovard v. Dickenson, supra.*)

Since the personal representative could not transfer title to the note and mortgage involved herein, without authority of court, their unauthorized delivery by the administratrix, or administrator, was of no greater effect

than the unauthorized written assignments of said note and mortgage. As the title and right to sue on the note did not pass by delivery, it follows that the title to the mortgage and right to foreclose it did not pass to respondent under C. S., sec. 6365, providing that "The assignment of a debt secured by mortgage carries with it the security." In *McCornick & Co. v. Tolmie Bros.*, 42 Ida. 1, 243 Pac. 355, cited by respondent as authority for the proposition that "The possession of a promissory note is *prima facie* evidence of ownership" is not in point here. In that case the note sued on was in form non-negotiable, and the indorsement was in blank and shown to have been made for collection. There was no question there, as in the instant case, of the authority to make the indorsements, or to transfer the note sued on.

Having concluded that respondent cannot maintain the action, the court is of the opinion that it will serve no useful purpose to decide other questions raised by the plea of the statute of limitations. Judgment reversed and cause remanded, with directions to enter judgment in favor of defendant Sylvester Lowe. Costs to appellant.

Lee, C. J., and Budge, Givens and Leeper, JJ., concur.