Argued June 3; reversed and remanded June 24, 1947; rehearing denied September 9, 1947

# BROWN *v.* AMERICAN SURETY COMPANY OF NEW YORK

### (182 P. (2d) 357)

*George H. Brewster,* of Redmond, (with L. M. Bechtell, of Prineville, on brief) for appellant.

*Bert S. Gooding,* of Portland, (Scott & Gooding, of Portland, and Donald Graham, of Prineville, on brief) for respondent.

- Before ROSSMAN, Chief Justice, and LUSK, BELT, BAILEY, HAY and WINSLOW, Justices.

BELT, J.

This is an action on an administration bond. On November 3, 1937, Lee C. Stephenson died intestate in Crook county, Oregon, leaving, surviving him as his sole heirs at law, three sons, viz: Milton T. Stephenson, Francis S. Stephenson and George S. Stephenson. Milton T. Stephenson was appointed administrator of the estate, and a bond was filed in the sum of $8000, on which the defendant was surety.

On August 20, 1940, the administrator was removed on account of his dereliction of duty and the appropriation by him to his own use of funds of the estate. Thereupon, the plaintiff was appointed administrator de bonis non. After considerable delay, Milton Stephenson filed his final account and, objections having been made thereto, the matter was, on September 3, 1940, transferred to the circuit court for Crook county for determination. The circuit court surcharged the account of the administrator in the sum of $1538.43, and further ordered the payment of $125.00 as fees for the attorney representing the removed administrator. An appeal was had to the supreme court by the administrator de bonis non (Brown v. Stephenson, 171 Or. 239, 137 P. (2d) 289) and the decree of the circuit court was modified by eliminating the attorney fees above mentioned and, in addition to the amount decreed by the circuit court, by charging the administrator with interest at 6% per annum upon the sum of $1123.63 from January 1, 1939, since the last mentioned sum was money of the estate, converted to his own use. The administrator was also charged with costs taxed in the circuit court in the sum of $116.85 and with costs taxed in this court amounting to $180.00.

The plaintiff as administrator de bonis non thereafter made demand upon the defendant surety company

to pay the amount adjudicated to be due on account of the breach of the bond, and, upon its refusal to pay the same, the instant action was commenced.

The defendant surety company answered, admitting the execution of the bond and the breach thereof by its principal, and then, by way of an equitable defense, sought to enjoin the prosecution of the action at law upon the alleged grounds: (1) That Milton Stephenson as administrator received from the estate an amount in excess of the value of his distributive share therein; (2) that the defendant surety company, on November 4, 1940, for a valuable consideration, obtained from George Stephenson and Francis Stephenson written releases relieving it from any and all liability by reason of the fact that it was surety on the bond of Milton T. Stephenson. It is further alleged by defendant that the estate has not been closed and is now in the course of probate, but that all claims against the estate have been paid, except the fees of the administrator de bonis non and the fees of his attorneys for services rendered in the administration of the estate.

The circuit court filed the following conclusions of law:

"I. That neither the plaintiff, Warren Brown, administrator of the estate of Lee C. Stephenson, deceased, or George H. Brewster are entitled to be reimbursed by the defendant for the sums of money advanced by George H. Brewster or Lenore Althouse to either George Stephenson or Francis Stephenson.

"II. That George Stephenson and Francis Stephenson could and did waive their rights that they themselves personally possessed against the defendant American Surety Co. but that any releases obtained by the defendant American Surety Co. were ineffective against the plaintiff as ad-

ministrator of the estate of Lee C. Stephenson, Deceased.

"III. That the said George Stephenson and Francis Stephenson did not purport to or intend to release the defendant American Surety Co. for any portion of their distributive share of the estate of Lee C. Stephenson, insofar as assets on hand, in the possession of the administrator de bonis non, plaintiff herein, on November 4, 1940 but that said releases were only effective as to the defalcations of the former administrator, Milton T. Stephenson, prior to the date of his removal as administrator.

"IV. That plaintiff as administrator de bonis non of Lee C. Stephenson, deceased, was damaged by the acts and conduct of the former administrator Milton T. Stephenson, and the defendant is liable for such damage in so far as administrative expenses and attorney fees incurred by the administrator de bonis non in the proceedings against the former administrator and also the costs and expenses of this proceeding which administrative expenses, attorney fees and costs are as follows:

"Costs in the Circuit Court of the State of Oregon for Deschutes County $116.85.

"Costs in the Supreme Court of the State of Oregon for the state of Oregon $180.00.

"The further sum of $500.00 attorney fees in the present proceedings together with plaintiff's costs and disbursements.

"V. That plaintiff should have and recover judgment against the defendant for the sum of $296.85 with interest thereon at 6% per annum from July 8, 1943 and the further sum of $500.00 attorney fees and plaintiffs costs and disbursements herein * * *."

and in keeping therewith entered a decree

" * * * against the defendant American Surety Co. of New York in the sum of $296.85 with interest thereon at 6% per annum from July 8, 1943

and for the further sum of $500.00 attorney fees in this action and plaintiff's costs and disbursements herein to be taxed by the Clerk of this Court."
Plaintiff and the defendant appeal.

The releases obtained from George and Francis Stephenson, purporting to relieve the defendant of liability on the bond, contain the following recital: "For and in consideration of the sum of One Dollar and other value * * *." It is stipulated that no dollar was paid. Plaintiff asserts that there was no consideration for these releases. Assuming, but not deciding, that the releases were executed, it is clear that George and Francis did so—as testified by Mr. Donald Graham, counsel for defendant—in order to keep their brother out of trouble. We pass the question of lack of consideration without further comment in view of our conclusion relative to other questions in the case hereafter considered.

■■ It was the statutory duty of the plaintiff as administrator de bonis non to collect the assets of the estate. As such representative, the plaintiff had title to the chose in action against the former administrator and his surety. *Nunner v. Erickson,* 151 Or. 575, 51 P. (2d) 839; *Weider v. Osborn et al,* 20 Or. 307, 25 P. 715. The plaintiff administrator de bonis non had the exclusive jurisdiction of the administration of the estate. In re *Herran's Estate,* 40 Or. 90, 66 P. 688. Section 19-225, O. C. L. A., provides:

"The surviving or remaining executor or administrator, or the new administrator, as the case may be, is entitled to the *exclusive* administration of the estate, and for that purpose may maintain any necessary and proper action, suit, or proceeding on account thereof, against the executor or administrator

ceasing to act, or against his sureties or representatives." (Italics ours)

■ In our opinion, no force or effect can be given to these releases in this proceeding. George Stephenson and Francis Stephenson are not parties herein, and any decision affecting their interests would not be binding on them. It may be that the beneficiaries of an estate may release their interests to a paid surety if they see fit to do so, but we think they cannot thereby circumvent the orderly administration of the estate. Such beneficiaries cannot thus thwart the purpose of the administrator from collecting that which is due the estate.

For compensation, the defendant surety company assumed liability arising out of the failure of the administrator faithfully to perform his duties as required by law. It now seeks to avoid liability by relying on releases whose validity cannot be determined in this proceeding. What if this court were to enjoin the action at law and then it was subsequently determined that the releases were obtained through duress or fraud? What if the execution of the releases were successfully challenged? What if other claims against the estate arose? What if there is not sufficient funds to pay attorney fees and other costs of administration? It is not difficult to conjure up other situations wherein the administration of the estate would be unduly hindered by reason of any such release of liability on the part of the surety. It is only fair to state that we do not imply that the releases were obtained through fraud or duress. Indeed, it is stipulated that the defendant surety company made no promise that Milton would not be prosecuted. We adverted to such speculative matters merely to show what complications and difficulties might arise

by interfering with the orderly administration of an estate.

Neither do we pass on the validity of certain alleged assignments made to Mr. Brewster, of counsel for the plaintiff, to secure money advanced to George and Francis Stephenson. Such matter cannot be determined in this proceeding.

In *City of Louisville v. Hart's Admr.*, 143 Ky. 171, 136 S. W. 212, 35 L. R. A. (N.S.) 207, the administrator of the estate of Edward Hart, deceased brought an action to recover damages on account of the death of Hart, alleged to have been caused through the negligence of the city of Louisville and the Louisville Railway Company. Edward Hart left as his only heir at law his father, Patrick Hart, who, in consideration of $1000, executed a release purporting to relieve the street railway company of liability on account of damages sustained by reason of the death of his son through the negligence of such company. The city claimed that the settlement having been made with one joint tort feasor, the action was barred as against it. This contention presented the question as to the validity of the release. The court, in refusing to give effect to the release, relied on a statutory provision (§ 6 of the Kentucky Statutes) vesting in the personal representative of the deceased the exclusive right to maintain such an action unless, as the court said, the representative refused to bring it. It was further stated by the court:

> "If the beneficiary of the recovery could by settling the claim oust the personal representative of his jurisdiction, the effect would be that the beneficiary could control the disposition of the action and strip the personal representative of the power lodged in him by the statute."

We see no difference in the statute of Kentucky and § 19-225, O. C. L. A., justifying any distinction between that case and the one at bar.

In *Yelton, Admr. v. Evansville & I. R. Co.,* 134 Ind. 414, 33 N. E. 629, 21 L. R. A. 158, an action was brought to recover damages for personal injuries resulting from death alleged to have been caused by defendant's negligence. During the pendency of the action, the widow of the decedent, who was the sole and only heir, made a settlement with the defendant for all damages on account of the death of her husband. The court held that under the statutes of that state the administrator had the exclusive right to prosecute the action and that such authority could not thus be controlled by the beneficiary of the estate.

■ When the estate in the instant case is closed and the defendant surety company has paid to the estate the amount due by reason of breach of the bond, it will be entitled to be subrogated to the rights of the estate against Milton Stephenson.

We see no reason in equity to enjoin the prosecution of the action at law.

It follows that the decree of the circuit court is reversed and the cause remanded with directions to proceed in the law action. Plaintiff is entitled to costs and disbursements.