**STROMBERG, Adoption of, In re.**

**STROMBERG, Sr., Appellant v. MARKOFF et, Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 1785. Decided February 22, 1944.

134

W. Mills Matthews, Dayton; Gale G. Murphy, Dayton, for appellant.

M. J. Gilbert, Dayton, for appellees.

## OPINION

By GEIGER, J.

FACTS: In 1940, Appellee, Adele Markoff, married appellant, Lawrence Stromberg of Los Angeles, California. The child, who afterwards becomes the subject matter of the present controversy was born to the parties in 1941, prior to divorce proceedings.

Afterwards, on September 16, 1941, Adele B. Stromberg, now Adele B. Markoff, appellee, prosecuted an action for divorce against Lawrence Stromberg, Sr., appellant, in the Los Angeles County Courts, Los Angeles, California. The cause was tried, both parties being present before that court; on October 17, 1941, an interlocutory decree against the defendant was entered, granting a divorce to the plaintiff.

The decree provides, among other things, that "Plaintiff is awarded the care, custody and control of the minor child subject to reasonable visitations by the defendant." Further that

"Plaintiff may take said child out of the state of California indefinitely."

The interlocutory decree was confirmed in a final decree of divorce. Shortly thereafter, Adele, Appellee, married Delmor B. Markoff, appellee, left the state of California, and came to Dayton, Ohio, bringing with her said child, and taking up her residence there.

On December 23, 1942, she and her present husband made an application to the Probate Court of Montgomery County, Ohio, for an order permitting them to adopt as their own, said child. A number of continuances were granted in the Probate Court on the application of Lawrence Stromberg, Sr., based upon the fact that he was in the armed services of the United States. The case was finally set for hearing on May 3, 1943. A motion was filed by Stromberg for a stay of proceedings in accordance with Section 201 of the Soldiers and Sailors Civil Relief Act of 1940. That motion having been overruled, Stromberg, Sr., filed a motion to dismiss on the ground that the Court had no jurisdiction of the subject matter, or of the above named Lawrence Stromberg, Jr., the child. This motion was overruled, and a decree entered authorizing the adoption of Lawrence Stromberg, Jr., by Adele B. Markoff and Delmor B. Markoff, and changing the name of said child from Lawrence Stromberg, Jr., to "Richard Markoff".

A motion for a new trial was orally made and overruled and exceptions noted, and notice of appeal given.

The appellant, Lawrence Stromberg, Sr., through his attorneys filed the following Assignments of Error:

"1. That the Court erred in overruling the Appellant's motion for a stay of proceedings under the Soldiers and Sailors Relief Act.

2. The court erred in overruling Appellant's motion to dismiss for want of jurisdiction.

3. The court erred in granting an order of adoption in these proceedings."

The matter first before the court is the question as to whether or not Lawrence Stromberg, Sr., Appellant, by reason

of his military activities, was entitled to a continuance of the cause. The court in passing upon this held that this motion should be overruled for the reasons given.

The Act of 1940 for Soldiers and Sailors Civil Relief, Section 201, provides in substance that at any stage thereof any action or proceedings in any court in which a person in the military service is involved, either as **plaintiff or defendant,** during the period of such service or within sixty days thereafter may, in the **discretion of the court** in which it is pending on its own motion, and shall, on application to it by such person, or some person on his behalf, be stayed as provided in this Act, unless **in the opinion of the court, the ability of the plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.**

The Court, in the trial of this case was ever diligent in affording to the appellant, Stromberg, opportunity to present a substantial claim for a continuance of the action during the period of his military service, and the Bill of Exceptions discloses considerable correspondence between the Court and Stromberg and the officials under whom he was serving. The gist of the inquiry of the Court was whether Stromberg desired to attend the hearing, and if so, whether the opportunity would be afforded him by the military authorities. It was first stated by his Commanding Officer that he could attend if he so desired, but afterwards this statement was corrected by stating that he had been called for some special military schooling service, and that he could not attend at the date first set by the Court. On April 26, a short time prior to the final hearing, the following telegram was received by the Judge of the Probate Court, and is exhibited in the Bill of Exceptions:

"Request by Lawrence Stromberg for leave if made would be granted. Stromberg does not desire to make such request letter from this command follows."

(Signed)   B. C. Allen Chief of Staff

And on April 28, there was a confirmatory telegram to the Judge of the Probate Court:

"Your telegram brought to the attention of Lt. Lawrence Stromberg."

(Signed)   B. C. Allen Chief of Staff<br>Western Sea Frontier.

Before the hearing was begun on May 3, the Court instructed the following entry:

"Let the record show that there is in court today Mr. Mills Matthews, counsel for Lt. Stromberg, and co-counsel Mr. Gale Murphy, and Maurice J. Gilbert, Attorney for the petitioners; also Mrs. Markoff, one of the petitioners."

The provisions of the Soldiers and Sailors Relief Act provides for the granting of a stay "unless in the opinion of the court the ability of the plaintiff to prosecute the action or the defendant to conduct his defense, is materially affected by reason of his military service." It may also be pointed out that the Act itself provides that:

"At any stage any action in any court in which a person in military service is involved, either as **plaintiff** or **defendant.**"

A strict construing of the Act might justify the Court in refusing a continuance on the ground that Stromberg, Sr., was neither plaintiff nor defendant, nor even a party to the action. It is true that he was interested from the fact that an application was being heard whereby it was sought to adopt his son, and thereby deprive him of future rights, and the court evidently proceeded on the theory that the Act should be liberally construed in behalf of Stromberg, Sr. In view of the communications had between the Court and the military authorities and the information received from Stromberg, and the presence of his counsel active in his behalf, we are of the opinion that the court had authority to proceed with the hearing in spite of the absence of Stromberg, Sr.

First Assignment of Error is therefore overruled.

Second assignment relative to error is asserted on the ground that the Court overruled the appellant's motion to dismiss for want of jurisdiction.

The statutes relating to adoption are §10512-9 et seq. GC. **Section 10512-11** provides:

In any adoption proceedings, written consent must be given to such adoption as follows: except(d) "by the parent awarded the custody of the child by divorce decree, provided the court which granted such decree approves of such consent and because of such approval, the jurisdiction of such court over such child shall therefrom cease."

Many states have statutes similar to that of Ohio. There is a dearth of Ohio decisions. The only one of the Supreme Court to which we will refer is **State ex rel. Booth v Robinson, Probate Judge, 120 Oh St 91**, where it is held:

"1. Where in a proceeding for the adoption of a child of divorced parents, the consent of the parent to whom the sole custody of such child had been awarded is duly given and the court which granted such decree approves the same as provided by §8025, GC, the consent of the other parent is not required.
2. Such provisions of Statutes are not in contravention of either the state or federal constitution."

In that case the relatrix, the mother of the child, asserted that the Probate Court is "without jurisdiction to proceed with the adoption proceedings without giving her a chance to be heard; that the failure to make her a party or to make a party of the next best friend is unlawful."

The court by Matthias, J., delivering the opinion, holds that the Probate Court is exercising a jurisdiction with which it has been legally vested in hearing the adoption proceedings, and points out that §8025 required that in an adoption proceeding, written consent shall be given by each of the living parents, except as follows:

"(d) By the parent awarded custody of child by divorce decree, provided the court which granted such decree approves of such consent, and because of such approval the jurisdiction of such court over such child shall thereupon cease."

Matthias, J., further states:

"While the rights of the natural parents should always have full consideration, and be carefully guarded and protected, the rights and interest of the child are paramount, and where there is a conflict between the rights of the parent and the interests of the child, the state may act by and through appropriate legislation."

The position taken by counsel for the appellant in this case is that the divorce having been granted by a properly constituted Court in the state of California, that unless there

appears the consent of such court so granting the divorce, no adoption may be allowed unless both parents consent.

Under subdivision 2 of §10512-11 GC, covering consent to be required from each of the living parents, it is asserted that Stromberg does not fall within Subdivision (a) of Paragraph 2, inasmuch as he has always stood ready to support the child, and never at any time refused to do so.

The position of the appellees and the position of the trial court is that when the court of Los Angeles County granted the custody of the child to the appellee, and at the same time gave to the father the right for reasonable visitation, and to the mother the right to

"take said child out of the State of California indefinitely,"

the Court thereby released all subsequent control of the child, and that it became subject exclusively to the statutes of Ohio, and that while the statute says that consent of the parent awarded the custody of the child by divorce decree shall be sufficient, it has no reference to any consent to be given or withheld by the court of any foreign state which granted the divorce, after the mother, with the permission of the court, had removed the child from that jurisdiction and established a new residence in Montgomery County, Ohio.

Under date of January 26, 1943, the transcript of docket and journal entries discloses the approval of consent by the California Court to the adoption of the child, the pertinent portion of the same being:

"The said Adele B. Markoff, mother of the minor Lawrence Stromberg, Jr., has joined in a petition for the proposed adoption of said child and the matter having been presented to the Superior Court of California in and for Los Angeles County, which said court rendered the judgment of divorce, the approval of said court to such adoption is hereby given."

On March 27, 1943, an order vacating and setting aside the approval of consent to the adoption was filed in the Superior Court of Los Angeles County, California, and the same appears as an exhibit in the Bill of Exceptions. It may be summarized as follows: On motion of the defendant, Lawrence Stromberg, it is ordered that said approval of consent to adoption, dated January 26, be, and the same is hereby vacated, set aside and withdrawn without prejudice to the plaintiff to renew her motion for the approval of consent to said adoption upon giving

defendant or his said counsel, Earl A. Everett, ten days' notice thereof.

Proceedings were had by appellee seeking a modification of this later judgment of the California Court, but her application was overruled by that Court.

The matter thus stands in the trial court, a consent by the parent to whom the custody of the child was granted by the California Court for the adoption, supported by consent of that court given but afterwards withdrawn. The claim is made that the record thus discloses the fact that there is no authority for the trial court to grant the adoption unless it first secures the consent of the other parent, or secures the approval of a new consent by the trial court in Los Angeles County, California. The Probate Court held that such proceeding was not necessary and that the right to grant the adoption was vested in the court. See Vol. 2 of the Conflict of Laws by Beale, at Section 144.3; Section 147.1.

15 Ruling Case Law, Section 417, is in substance that a judgment of a court of one state awarding the custody of a minor child is not res judicata in a proceeding before a court of another state, except as to facts and conditions before the court upon renditions of the foreign decree. As to facts and conditions arising subsequently, it has no controlling force and the courts of other states are not bound thereby. Nor is a decree of a court of one state awarding the custody of a child binding upon the courts of another state under the full faith and credit clause of the federal constitution after the child had become domiciled in the latter state. Such a decree, as to a child, has no extra-territorial effect beyond the bounds of the state where it is rendered, and the courts of the second state will not remand the child to the jurisdiction of another state.

See Schouler on Domestic Relations, Vol. 2, Sec. 1896.

In Buckman v Houghton, 278 N. W. 908 (Minn.), it is held: a minor child's domicile follows that of his divorced parent to whom his custody was awarded by the decree of divorce, and a judgment of a court of this state decreeing the adoption of such child by its stepfather, does not impair the full faith and credit of the divorce decree entered in the court of another state.

An interesting case which analyzes the right of a parent who has been permitted by a trial court the right of visitation to be protected in a court where an adoption of his child is sought on the application of his divorced wife in a state to

which she has removed with the child is found in, "In the matter of June Lease," 90 Wash. 413; see also, In re Cozza (Cal.) 126 Pac. 161, and 31 Anno. Cases (1914-A) 214; **Todhunter Adoption, 33 Abs 567,** an interesting opinion by Barnes, J., of this Court.

**Section 10512-11 GC,** under which are enumerated those whose written consent is required, provides, so far as it relates to the case at bar, that written consent must be given to such adoption as follows:

"(2)  By each of the living parents, except (d) By the parent awarded the custody of the child by divorce decree, provided the court which granted such decree approves of such consent, and because of such approval, the jurisdiction of such court over such child shall thereupon cease.

(e)  * * * but if there is no guardian and such child is not the ward of a state board or of a certified institution or agency, a next friend shall be appointed as hereinbefore provided to give consent."

The conditions under which the next friend may be appointed, are found in §10512-10, providing:

"* * * If it shall be **necessary, under the provisions of this act,** that a discreet and suitable person shall be appointed as next friend to the child sought to be adopted, the court shall make such appointment and shall thereupon assign a day, etc. * * * Such person, institution, agency or board thus designated, shall proceed to verify the allegations of the petition, shall make appropriate inquiry", etc.

The transcript of docket and journal entries discloses the information given by the appellant to the effect that Lawrence Stromberg, the appellant, has **not** failed or refused to support the child for two consecutive years, as provided by §10512-2(a).

There is filed the recommendation of the next friend, wherein it is recited that "having been appointed by the court as next friend in the adoption proceedings, we have made appropriate inquiry and investigation and written report with the reasons of same as required by §10512-10 GC, signed by The Montgomery County Children's Home".

The Court in its final decree finds that,

"The Montgomery County Children's Home appointed by this Court to act as next friend to said child, has made its report and recommends," etc.

Paragraph (e) of §10512-11 provides:

"But if there is no guardian, and such child is not the ward of a state board," etc.

It might be urged that this provision refers only to a child whose parents, because of mental and other unfitness have been deprived of the legal custody of such child by the Juvenile Court, and that until such facts appear, (which they do not in this case), the Court had no jurisdiction to appoint a next friend, and must secure the consent of both parents before the adoption can be consummated.

The California Court in an order duly entered, approved the consent of the wife to whom the custody of the child had been awarded, and at a later date assumed to revoke this approval.

To restate, §10512-11 GC, provides' that in any adoption proceedings written consent must be given to such adoption.

"(2) By each of the living parents, except as follows:
(d) By the parent awarded the custody of the child by divorce decree, provided the court which' granted such decree approves of such consent, and because of such approval, the jurisdiction of such court over such child shall thereupon cease."

In spite of the permission granted by the California Court to the mother to remove the child from the jurisdiction of that Court, and in spite of the well established principle that the Federal Constitution does not require full faith and credit to be given to this order of the California Court as to matters that may affect the future status of the child after it has been removed from the jurisdiction of the California Court with the permission of that Court, the Legislature of Ohio might still provide, as it did in §10512-11 GC (2) (d) that the consent may be given by the parent awarded custody of the child by divorce· decree,

"provided the court which granted such decree approves of such consent, and because of such approval, the jurisdiction of such court over such child shall thereupon cease".

The transcript of the journal entry discloses that under the date of January 26, 1943, the California Court gave con-

sent to the adoption, and on March 27, 1943, this order of the California Court was vacated and it was then ordered that the approval of consent dated January 26th be, and the same is, hereby vacated, set aside and withdrawn without prejudice to the plaintiff to renew a motion. The appellee sought a modification of this final order of the California Court vacating its former order, which was denied here. We are of the opinion that when the California Court on January 26, 1943, approved the consent of the mother to whom it had granted custody of the child, it exhausted its authority. The statute says,

"provided the court which granted such degree approves of such consent, and because of such approval the **jurisdiction of such court over such child shall thereupon cease**",

is a positive provision of the Ohio law that when the Court which granted the original divorce has approved of the adoption, its authority and jurisdiction cease. This is for the very good reason that if such court could first grant its consent and then at a later date revoke it, there would be no stability in the order of the adopting court. Having once granted its consent it is without further jurisdiction. We are, therefore, of the opinion that when the California court on January 26, 1943, granted its consent, that was a finality, and gave to the adopting Probate Court of Montgomery County the right to proceed with the adoption in accordance with the statutes.

As an additional precaution the Probate Court appointed a next friend which, upon examination of the facts, reported to the Court. If the Probate Court had a right to appoint this institution to act as its next friend, then upon its giving its consent, the Probate Court had jurisdiction to grant the adoption even though the father did not join in the consent and indeed resisted the same. However, if the Probate Court of Montgomery County had no authority to appoint a next friend to give consent under the provisions of §10512-10, "if it shall be necessary under the provisions of this act, that a discreet and suitable person shall be appointed as next friend to the child sought to be adopted, the court shall make such appointment", etc., by reason of the special limitations found in paragraph (e) of §10512-12, yet the Probate Court had the authority to grant the adoption without the consent of the father by reason of the consent given by the California Court while it had jurisdiction.

It is interesting to observe that the entire adoption Code has been amended and to a considerable extent modified by the act of the Legislature, 120 V. H. 279; that such amendment is not to be effective until January 1, 1944; so that we are not in any way disturbed by the new provisions of the amended Code.

Judgment of the Court below affirmed.

BARNES, P. J., concurs.
HORNBECK, J, concurs in judgment.

HORNBECK, J.

I concur in the judgment of affirmance but am in disagreement with that part of the majority opinion wherein it is said,

"If the Probate Court had a right to appoint this institution to act as its next friend, then upon its giving its consent, the Probate Court had jurisdiction to grant the adoption even though the father did not join in the consent and indeed resisted the same."

By the provision of the first paragraph of §10512-10 GC, the court had jurisdiction and was required to appoint a next friend to the child sought to be adopted, and the section further provides what the next friend shall do and the report which shall be filed on its behalf. However, the consent of the next friend as a basis for the action of the court in authorizing the adoption is found only in §10512-11 (2) (e).

It is the theory of sub-heading 2 of §10512-11 GC that consent must be given to the adoption by each of the living parents unless some one of the exceptions has application. The conditions under which the next friend shall give consent to the adoption are set out in sub-heading 2 (e):

"By legal guardian of the person of such child, if parents are dead or their legal residence has been unknown for at least one year, or if the parents have, because of mental, moral or other unfitness, been deprived custody of such child permanently by the juvenile court; but if there is no guardian and such child is not the ward of a state board or of a certified institution or agency, a next friend appointed by the court shall give consent." (Emphasis ours.)

There is no legal guardian of the person of such child, nor any provision whatever which authorizes or requires the appointment of such guardian. The underscored part of the section relates to and must be construed in connection with the first part thereof and has application only where the conditions are such as would authorize the appointment of a legal guardian or the parents of the child have been deprived of its custody permanently by the juvenile court. It was appropriate and necessary that a next friend be appointed in the adoption proceeding but it could do no more than act under the provisions of §10512-10 GC and it was not authorized under §10512-11 GC to enter its consent to the adoption nor did such consent vest any power in the court to grant the adoption.