75 So.2d 700 (1954)
Joseph Jean CADIEUX, Appellant,
v.
Evelyn Mae CADIEUX, Appellee.
Supreme Court of Florida. Division A.
November 12, 1954.
*701 Joseph C. Black, Jacksonville, for appellant.
J.C. Sapp, Green Cove Springs, for appellee.
SEBRING, Justice.
The defendant below has appealed from a final decree entered by the Circuit Court for St. Johns County, Florida, in a proceeding by bill in the nature of a bill of review to set aside a final divorce decree on the ground that it was obtained through fraud
In her suit below the plaintiff alleged that in a former divorce action the defendant, who was and is a member of the armed forces of the United States, had falsely sworn that her residence and address was unknown to him and that on this false assertion he had obtained the decree which is the subject of attack. The prayer of her complaint was that the final decree of divorce thus obtained be vacated and set aside and that she be given an opportunity to file her defenses to the alleged cause of action.
Service was had upon the defendant by publication and in due course he filed his answer. On the same day the answer was filed, the attorneys of record for the defendant filed an unsworn and unsupported motion to stay the proceedings, under the 1940 Soldiers' and Sailors' Civil Relief Act, on the ground that "the defendant [who] is * * * in the United States Navy and stationed at * * * San Diego, California * * * is under military orders and it will be impossible for him to adequately prepare his defense in the above entitled cause."
The circuit court denied the motion and appointed a special examiner to take and report the testimony of the parties. Subsequently, a hearing was had before the examiner at which the plaintiff appeared and adduced evidence to sustain her complaint, but at which defendant neither appeared nor offered proofs in support of his answer.
After the testimony had been taken before the examiner the attorneys of record for defendant filed a second unsworn and unsupported motion to stay the proceedings on the same grounds as were alleged in the original motion. This motion was denied by the trial court and a final decree in favor of the plaintiff was entered.
Three weeks after the entry of the decree the defendant filed a motion in which he sought a rehearing on his motions for stay which had been filed prior to the rendition of the final decree. In the motion *702 he set up the same grounds that had been included in his original motion and averred, in addition, that he had "applied for emergency leave to come to Florida, when this cause was set for the taking of testimony, so he could confront the witnesses testifying against him, offer testimony in his own behalf, and confer in person with his solicitors; but that his application was denied because shortly theretofore [he] had been forced to obtain emergency relief because of the death of his brother." The trial court denied this motion for rehearing and this appeal followed.
The only question on the appeal is whether or not under the facts that have been stated, the trial court abused its discretion in refusing to stay proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. Appendix, § 501 et seq.
The applicable statutory provision, title 50, U.S.C.A. Appendix, § 521, is as follows:
"Stay of proceedings where military service affects conduct thereof. At any stage thereof any action or proceeding in any court in which a person in military service is involved * * * shall, on application to it by such person * * * be stayed * * * unless, in the opinion of the court, the ability of [the service man] to * * * conduct his defense is not materially affected by reason of his military service." (Emphasis supplied.)
In applying this statute, as an Act of Congress, the generally accepted rule is that a state supreme court will be guided by decisions of the highest federal courts in their interpretations of the various provisions. Semler v. Oertwig, 234 Iowa 233, 12 N.W.2d 265; Gates v. Gates, 197 Ga. 11, 28 S.E.2d 108. Although there have been numerous and sometimes inconsistent decisions under the statute in the various states, the leading case of Boone v. Lightner, decided by the U.S. Supreme Court in 1943, 319 U.S. 561, 63 S.Ct. 1223, 1228, 87 L.Ed. 1587, would appear to be of controlling importance in disposing of this appeal.
The appellant's contention is that, when the statute is invoked by motion for continuance, a stay is mandatory and the court has no discretion in the matter unless evidence is produced by the opposing party to demonstrate that military service does not materially affect the defendant's ability to conduct his defense in the particular case. That such a position is untenable will, we think, be apparent from a consideration of the language of the quoted statute. As pointed out in the opinion of the Court in the case of Boone v. Lightner, supra:
"The Act makes no express provision as to who must carry the burden of showing that a party will or will not be prejudiced, in pursuance no doubt of its policy of making the law flexible to meet the great variety of situations no legislator and no court is wise enough to foresee. We, too, refrain from declaring any rigid doctrine of burden of proof in this matter, believing that courts called upon to use discretion will usually have enough sound sense to know from what direction their information should be expected to come. One case may turn on an issue of fact as to which the party is an important witness, where it only appears that he is in service at a remote place or at a place unknown. The next may involve an accident caused by one of his family using his car with his permission, which he did not witness, and as to which he is fully covered by insurance. Such a nominal defendant's absence in military service in Washington might be urged by the insurance company, the real defendant, as ground for deferring trial until after the war. To say that the mere fact of a party's military service has the same significance on burden of persuasion in the two contexts would be to put into the Act through a burden of proof theory the rigidity and lack of discriminating application which Congress sought to remove by making stays discretionary. We think the ultimate discretion includes a discretion as to *703 whom the court may ask to come forward with facts needful to a fair judgment." (Emphasis supplied.)
In determining whether one in the military service is entitled to a stay of proceedings, it has been said that a court should consider the nature of the action, applicant's relation to it, his knowledge of the matters involved as affecting the necessity of his presence at trial to an adequate protection of his rights, his lack of diligence in protecting his rights, or failure to obtain leave to be present at trial. Semler v. Oertwig, supra. In the present case, it is plain from the first two motions filed that the defendant relied solely upon the shield of the Soldiers' and Sailors' Relief Act to stay the proceedings and not upon any extrinsic facts that would make it appear to the trial court that he was entitled to relief under the Act. In the defense of the cause he retained local counsel to represent him. Though the allegations contained in the bill were of grave nature inasmuch as they charged the defendant with fraudulently misrepresenting to the court facts that formed the very basis for the court's jurisdiction over the cause, nevertheless, in his answer to the bill in the nature of a bill of review the defendant made no effort to explain fully any defense that he might have had, but in respect to the allegation in the complaint that his affidavit of diligent search and inquiry was "knowingly false," in that plaintiff's address appeared in official and easily accessible military records, he contended himself with the simple allegation that he did "exercise diligent search in attempting to locate the plaintiff, but to no avail," and as to the remainder of the bill he contented himself with mere denials of its allegations. At no time prior to entry of the decree in the cause did the defendant make any assertion relative to his ability or inability to obtain leave to attend the hearing, or make any showing that his testimony could not be taken by deposition.
There can be no doubt that inherent in the ruling of the court below was a finding that, under the circumstances of this case, the ability of the defendant to conduct his defense was not, in fact, materially affected by reason of his military service, and that his personal presence had not been shown to be indispensable to the defense of his cause. Upon all the facts above outlined, including the nature of the issue presented by the bill, there does not appear to have been any abuse by the court below of the discretion vested in him, including "a discretion as to whom the court may ask to come forward with facts needful to a fair judgment." Boone v. Lightner, supra. Cf. Clements v. McLeod, 155 Fla. 860, 22 So.2d 220.
Accordingly, the decree appealed from should be and is hereby affirmed.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.