**LUCY NUNU, Petitioner**

**v.**

**TOAIVA NUNU, Respondent**

High Court of American Samoa
Trial Division

DR No. 73-94

March 10, 1995

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and VAIVAO, Associate Judge.

Counsel:     For Petitioner, Asaua Fuimaono
             For Respondent, *pro se*

Order for Relief Pendente Lite and on Motion to Stay:

<u>INTRODUCTION</u>

Petitioner Lucy Nunu filed for divorce against Respondent Toaiva Nunu on November 2, 1994, praying for, among other things, child support in the amount of $300 monthly per child and alimony of $500 monthly. Subsequently, petitioner filed an affidavit with the High Court on January 11, 1995, claiming that she had received no monetary support from her husband for two months. The parties' three minor children are within the jurisdiction of this court.

On January 12, 1995, respondent filed an affidavit stating that he was stationed in Okinawa, Japan pursuant to his duties as a member of the United States Armed Forces, and that his duties and the cost of travel prevented him from obtaining leave to attend proceedings in this court. Accordingly, respondent requests a stay of proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. App. § 501 *et. seq.* ("the Act").

## DISCUSSION

The Act applies to all territories, including American Samoa, pursuant to the Act §512(1). A stay may be obtained pursuant to the Act § 521, which reads:

> At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, *in the discretion of the court in which it is pending, on its own motion*, and shall on application to it by such person or some person on his behalf, be stayed as provided in this Act, *unless in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.*

(emphasis added). The language of the foregoing provision seems to indicate that the court is given full "discretion" whether to grant a stay "on its own motion," but when the defendant applies for the stay, the court must grant it unless the court believes that military service will not materially affect the defense. *Gates v. Gates*, 28 S.E.2d 108, 112 (Ga. 1943). On this ground, we could potentially deny the request for a stay as a matter of discretion, since respondent requested that the court stay the proceedings "on its own motion," rather than by application of respondent. Although the nature of respondent's request is not entirely clear, we will give him the benefit of the doubt and

147

measure his request as though he were applying for the stay.

■ In the precedent setting case of *Boone v. Lightener*, 319 U.S. 561, 565 (1942), the U.S. Supreme Court held that the Act does not require a stay merely on a showing that the applicant is in the military or at a particular duty station. *See also Gross v. Williams*, 149 F.2d 84, 86 (8th Cir. 1945); *Miller v. Miller*, 156 P.2d 931, 933 (Cal. 1935). To deny an application for a stay of proceedings pursuant to the Act, the court must reach the opinion that the applicant will not be prejudiced by his military service. *Boone*, 319 U.S. at 571; *Miller*, 156 P.2d at 933. If the stay is to be granted, the court must be able to infer that the service member has a debatable legal defense which he or she will be materially impaired in presenting because of military status. *Holtzman's Furniture Store v. Schrapf*, 39 So.2d 450, 452 (La. 1949).

If military service does not prevent the respondent from being present and doing all that can be done in his defense, the trial court does not abuse its discretion in denying a motion for a stay under the Act. *Boone*, 319 U.S. at 572. It is also expected that the respondent "make some move to get leave to be present." *Id.*; *see also Graves v. Bednar*, 95 N.W.2d 123, 127 (Neb. 1959); *Cadieux v. Cadieux*, 75 So.2d 700, 703 (Fla. 1954); *In re Stromberg's Adoption*, 58 N.E.2d 88, 90 (Ohio 1944). Even where the respondent is unable to be present, the court may decide that his absence is not materially prejudicial to his defense and proceed anyway. *Cadieux*, 75 So.2d at 703. Although absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial, military absence is not an excuse to put the protections of the Act to unworthy use. *Boone,* 319 U.S. at 575; *Smith v. Smith*, 149 S.E.2d 468, 470 (Ga. 1966).

■ In exercising our discretion as to whether or not to grant a stay, we are not required to make explicit factual findings, nor to assign a rigid burden of proof. *Boone*, 319 U.S. at 569-71; *Gates,* 28 S.E.2d at 112. Instead, the court has discretion to call for whatever factual information it deems necessary to reach a fair decision. *Boone,* 319 U.S. at 570; *Gates*, 28 S.E.2d at 113. If, based on this material, we embrace the opinion that respondent's ability to defend himself is not affected by military service, we have discretion to deny the petition for a stay. *Boone,* 319 U.S. at 571.

In the present case, respondent filed an affidavit asserting his presence in Okinawa, Japan "until January, 1995." It is now March 1995, and

the parties' children have, according to petitioner, recently received letters from respondent postmarked in Hawaii. Not knowing the circumstances of respondent's military assignment, his present location, whether or not he has applied for leave, and his reasons for desiring to be present at proceedings, we are not comfortable concluding that respondent would or would not be prejudiced by a denial of the stay. Accordingly, we order respondent to appraise this court, within fourteen (14) days of receiving notice of this order, of: (1) whether he is presently on active duty; (2) what and where his present assignment is; (3) whether or not at any time he has applied for leave to attend the proceedings; and (3) any other information tending to demonstrate that his present military assignment materially affects his ability to defend himself in this action.

Regardless of whether or not we grant respondent's motion for a stay under the Act, petitioner will remain his legal wife until a divorce is final and, accordingly, she will be entitled to spousal support during that time. *Ahrens v. Ahrens*, 185 S.W.2d 694, 695-96 (Ky. 1945) (awarding alimony during a stay granted under the Act). Similarly, respondent's children will remain his children regardless of the divorce, and respondent will continue to bear a support burden for them until they reach the age of majority. *Id*. at 695. Accordingly, and on the evidence received regarding recent allotments arranged by respondent on behalf of petitioner and the minor children, the respondent is further ordered to pay to petitioner the sum of $300 per month in spousal support, and $300 per month for each of his children, a monthly total of $1200, until the matter of the divorce is adjudicated in a final judgment.

It is so ordered.