(October 16, 1909.)

## D. L. MOORE, Respondent, v. C. A. POOLEY, Appellant.

### [104 Pac. 898.]

SUFFICIENCY OF EVIDENCE—DECEPTION AND MISREPRESENTATION BY VENDOR—DILIGENCE OF PURCHASER—NOTICE OF PUBLIC RECORD—PROOF OF FOREIGN STATUTE.

1. Evidence in this case examined and held sufficient to support the judgment.

2. Where a purchaser has heard that parties other than the vendor are asserting some claim to or interest in the property, and makes no investigation or inquiry as to the validity of such claim except from the vendor, and, on being assured by him that no claim exists consummates the deal and secures a contract for a "grant" conveyance, he does not show such a degree of diligence and care in discovering the condition of the title as to enable him to defeat an action on the contract on the plea of false and fraudulent representations as to the condition of title.

3. A public record is a ready and convenient means of information on all matters required to be made of record.

4. Under the provisions of sec. 5969, Rev. Codes, books printed or published under the authority of a state or territory or foreign country, and purporting to contain the statutes or other written laws of such state, territory or country, or proved to be commonly

admitted in the tribunals of such state or territory as evidence of the written law thereof, are admissible in this state as evidence of such law.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District, for the County of Shoshone. Hon. W. W. Woods, Judge.

Action by the plaintiff for recovery of damages. Judgment for plaintiff. Defendant appeals. *Affirmed.*

Walter H. Hanson, and H. E. Worstell, for Appellant, cite no authorities.

J. E. Gyde, for Respondent.

The presumption is that the laws of Montana are the same as the laws of Idaho. (5 Enc. Ev. 814, and cases there cited in note 21.) Sec. 3120, Rev. Codes, provides that, by the use of the word "grant" in any conveyance by which an estate of inheritance is to be passed, certain covenants (naming them) are implied, and among them the covenant, to wit, that the estate so conveyed is at the time of the execution of the conveyance free from encumbrance done, made or suffered by the grantor or any person claiming under him. The covenant there expressed is not one of warranty of title. (*Warren v. Stoddard*, 6 Ida. 692, 59 Pac. 540.) A mere misrepresentation is not sufficient to avoid a contract. Something more must be alleged and proven. (*Brown v. Bledsoe*, 1 Ida. 746; *Kemmerer v. Pollard*, 15 Ida. 34, 96 Pac. 206.)

Where a vendee has notice of an imperfect title and the vendor does not agree to warrant the title, the vendee cannot be held to complain that the title is defective. (*Leonard v. Woodruff*, 23 Utah, 494, 65 Pac. 199; *Ten Broeck v. Livingston*, 1 Johns. Ch. 357; *Thompson v. Hawley*, 14 Or. 199, 12 Pac. 276; Pomeroy Spec. Per., 2d ed., secs. 157, 346. Also note 1 under sec. 346.)

AILSHIE, J.—This action was instituted by the plaintiff for the recovery of the sum of $300, together with interest, for the value of assessment work on three mining claims which the defendant had promised and agreed to do and

which he failed to perform. Judgment was entered in favor of plaintiff and defendant appealed.

This action arose out of a contract entered into between the plaintiff and defendant on February 23, 1907, which contract is referred to by the parties as an option to sell three certain mining claims situated in Sanders county, Montana, and called the Bonnie Blue, May Day and Eldorado Fraction. The agreement is as follows:

"Received of C. A. Pooley of Mullan, Idaho, the sum of one hundred dollars ($100.00) as part payment for the following described Quartz Lode Claims, viz.: The 'Bonnie Blue,' the 'May Day' and the 'Eldorado Fraction,' all being in Spring Gulch (unorganized) Mining District, in the County of Sanders, State of Montana.

· "The entire balance of price to be paid for the said described property is the sum of seven thousand dollars ($7000.00) to be paid on or before the first day of May, A. D., 1907, by the aforesaid C. A. Pooley. On the payment of the said sum of seven thousand dollars ($7000.00) within the time above specified, to the undersigned D. L. Moore, of Carter, Missoula County, Montana, the said D. L. Moore hereby agrees to execute and deliver to the aforesaid C. A. Pooley, a good and sufficient grant deed to the above described mining property.

"The aforesaid C. A. Pooley hereby also agrees to perform, or have performed, the annual representation work on the above described mining property for the year 1907, whether this option shall take effect or not.

"It is also further herein specified by both parties to this agreement that the said payment of seven thousand dollars ($7000.00) to be paid by the said C. A. Pooley to the said D. L. Moore, shall be deposited to the credit of the said D. L. · Moore in the Western Montana National Bank of Missoula, Montana.

"Dated at Carter, Montana, the 23rd day of February, 1907.

(Signed)          "D. L. MOORE,
"C. A. POOLEY."

The plaintiff alleged the execution of this contract and the failure, neglect and refusal of defendant to perform the assessment work for the year 1907 as provided for in the contract, and defendant answered admitting the execution of the contract and his failure to do the assessment work. He attempted, however, to justify his failure on the ground that the plaintiff was not in fact the owner of the mining claims described in the contract and that they were claimed adversely by the King and Queen Mining Co., a Montana corporation. The defendant alleged, among other things, that he "had heard rumors that the said mining property covered by the claims described in paragraph 1 of the plaintiff's complaint belonged to and was claimed by the King and Queen Mining Company, a corporation having its principal place of business at the city of Missoula in the state of Montana, and that said defendant, not desiring to purchase a lawsuit, and with a view of avoiding any litigation that might arise concerning said claims, inquired of the said plaintiff whether or not he, the said plaintiff, was the owner of said claims, and whether or not the said King and Queen Mining Company owned the same or claimed the same, and whether or not the said plaintiff could give defendant a good and sufficient deed conveying a clear title to said property," etc. Defendant further alleges that plaintiff represented that he had a clear and fee simple title to the property, save and except the paramount title of the United States, and that the King and Queen Mining Company had no claim or interest in or to the property whatever, and that its officers had so informed the plaintiff; that after receiving such assurances from the plaintiff, the defendant entered into the written contract hereinbefore set out.

On the trial of the case there was considerable evidence offered and some introduced tending to show that two of the claims had been previously located, and that the plaintiff had worked the claims for some length of time under a lease from the former owner and that he had thereafter (in mining parlance) "jumped" the property. Plaintiff, on the contrary, showed that he had fully and regularly located the property and had performed the location and annual assess-

ment work on the property from time to time, and that he had at least a record title to the property.

The court found that he was the owner of the property at the time that the option to purchase was given the defendant, and we are satisfied that there is sufficient evidence to support and justify that finding. It is also worthy of note that although the defendant pleads fraud and deception on the part of the plaintiff, and alleges that the plaintiff represented that he had a clear and fee simple title to the property, save and except the paramount title of the United States, that notwithstanding all this, the contract which was subsequently reduced to writing and hereinbefore set out provided that the plaintiff should, upon the full payment of the purchase price, "execute and deliver to the aforesaid C. A. Pooley a good and sufficient grant deed to the above described mining property." Sec. 3120 of the Rev. Codes of this state, which, in the absence of proof to the contrary, is presumed to be the law of Montana, defines a "grant" conveyance and enumerates the warranties that accompany such a conveyance, and it will be noted from an examination of that provision of the statute that such a deed does not amount to an unqualified warranty of title. That section was considered by this court in *Warren v. Stoddart,* 6 Ida. 692, 59 Pac. 540. Now, it is not contended in this action that (1) previous to the time of the execution of the conveyance the grantor (Moore) had conveyed the estate or any right, title or interest therein to any other person, nor is it contended (2) that at the time of the execution of this contract there was any outstanding encumbrance against the property which had been created by the grantor or any person claiming the property through or under him. These considerations alone, it seems to us, would have been sufficient to destroy the force of the defense pleaded. The liability, it will be observed, was made absolute by the contract whether defendant elected to buy the property or refused to purchase. (*Davis v. Eames* (Cal.), 35 Pac. 566.) The defendant failed to make out a case on his charge of fraud, deception and misrepresentation with reference to the condition of the title to this property. He

admits that he had heard "rumors" of a claim being asserted by the King and Queen Mining Co. to this property, and yet his only inquiry as to the validity of such claim was made from the adversely interested party. This was not due diligence or precaution. The recording laws of this state provide for making a record title to mining property, and in the absence of a contrary showing, it will be assumed that the laws of Montana are the same as ours, and these records would have furnished notice of all matters required to be of record. A public record is a ready and convenient means of information on all matters required to be of record. (*Eastwood v. Standard Mines & Milling Co.*, 11 Ida. 195, 81 Pac. 382.)

Counsel for appellant has taken exception to the action of the court in admitting evidence of the several sections of the Political Code of the state of Montana which plaintiff offered to prove in order to show the laws of that state with reference to the location of mining claims. It seems that the plaintiff offered·in evidence a book which purported to be "The Political Code of the State of Montana." Just what it contained or in what manner it "purported" or "appeared" to be the Political Code of Montana does not appear. However, counsel for defendant did not object to its introduction on the ground that it did not purport to be the Political Code of the state of Montana, but claims now that the proof did not comply with the provisions of our statute. He has not pointed out to this court the particular wherein the offer fell short of the requirements of the statute. Sec. 5969 of our Rev. Codes provides that "Books printed or published under the authority of a state, territory, or foreign country and purporting to contain the statutes, code, or other written law of such state, territory, or country, or proved to be commonly admitted in the tribunals of such state, territory, or country as evidence of the written law thereof, are admissible in this state as evidence of such law." So far as appears from the record, the plaintiff's proof complied with the requirements of our statute and was admissible.

Numerous other assignments of error are made on the admission and rejection of evidence, and we have given them

our attention, but find no substantial error that would demand or justify a reversal of the judgment.

Judgment affirmed, with costs in favor of respondent.

Sullivan, C. J., concurs.

Stewart, J., concurs in conclusion reached.