Marjorie H. Rutherford, as Administrator of Estate of John H. Rutherford, Deceased, and Edward J. McVoy, Plaintiffs-Appellees, v. Marvin LeRoy Bentz, Defendant-Appellant.

Gen. No. 9,785.

Opinion filed January 24, 1952. Rehearing denied March 17, 1952. Released for publication March 17, 1952.

HENRY I. GREEN, ORIS BARTH, DARIUS E. PHEBUS, and HURSHAL C. TUMMELSON, JR., all of Urbana, for appellant.

JOHN ALAN APPLEMAN, of Urbana, and DURWARD G. JUDY, of Champaign, for appellees; JOHN ALAN APPLEMAN, of Urbana, of counsel.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This is a suit for damages brought by Marjorie H. Rutherford, administrator of the estate of John H.

Rutherford, deceased, and Edward J. McVoy, against Marvin LeRoy Bentz, growing out of an automobile accident on U. S. Highway No. 45, approximately one mile south of Thomasboro, on the 9th day of June, 1949, in which the said John H. Rutherford was killed and Edward J. McVoy was severely injured. The highway at the point of the accident is a four-lane, divided highway, with the northbound lanes, two in number, being separated from the southbound lanes, by a grassy dividing strip, the dividing strip being over one hundred feet in width and having a ditch or inclined slopes in the center of it. Rutherford and McVoy were traveling north and Bentz, a soldier, was driving south. The car of Bentz left the southbound lanes, crossed the grass dividing strip and drove upon the northbound lanes, and into the car in which Rutherford and McVoy were riding. Rutherford was killed. Thereafter, the administrator for Rutherford, and McVoy, brought their suit for damages against Bentz. Bentz, a soldier, was not in the State of Illinois at the time suit was brought and apparently was on his way to Korea. He had been stationed at Chanute Field, but had been shipped out and his address was an A. P. O. number in San Francisco, California. Service was had by compliance with section 23 of chapter 95½ of the statutes, by service upon the Secretary of State. Later, and there is no record of the manner in which Bentz was notified of the pending suit, the defendant Bentz wired the circuit court judge of Champaign county, Illinois, stating he was in military service on Guam and requesting that his rights under the Soldiers' and Sailors' Civil Relief Act be protected. Later, Bentz, the defendant, filed a motion under limited appearance to quash summons. This motion was overruled. Plaintiffs having filed in the meantime, a motion setting forth that the insurance carrier of Bentz was in receivership and that Bentz

stood in danger of having his rights to protection by the insurance carrier lost, asked that a judgment be rendered against Bentz, with the order stating that any judgment rendered against Bentz be enforced only from the proceeds of liability insurance policies carried by Bentz, or by succession of his rights against said insurance company for failure to pay, or defend the said Bentz. The plaintiffs at the time the motion to quash the summons was passed upon, announced in open court that they consented that any judgment that might be obtained against Bentz, should be collected only from any insurance carrier carrying liability or indemnity for Bentz. The court thereupon set the case for trial. On motion of the plaintiffs, one Philip C. Zimmerly was appointed guardian *ad litem* and attorney for the defendant. In the answer filed by the guardian *ad litem,* a special defense was set out, reciting that the defendant, Bentz, was in the military service and as such, was entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended, among which benefits was a right to a continuance until release from the military service. Thereafter, the guardian *ad litem,* in the trial of the cause, examined witnesses and acted as attorney for the defendant, Bentz. Bentz was never in court at any time. The attorneys who filed the motion to quash did not appear in court at the time of the trial. A trial was had before the court and a finding in favor of the plaintiff, Marjorie H. Rutherford, as administrator of the estate of John H. Rutherford, deceased, and against defendant Marvin LeRoy Bentz, fixing damages of $15,000. Judgment rendered in favor of said administrator in the sum of $15,000. Also a finding in favor of Edward J. McVoy and against defendant Bentz, fixing damages of $3,000. Both judgments provided that the judgment should be enforced only against any company or companies carrying policies

of insurance upon the defendant or his car, and subrogating the plaintiffs to all rights and causes of action of the defendant against said insurance company or companies.

The case comes to this court on appeal by the defendant Bentz.

■■ In considering the questions raised by this appeal, the first and most important is that of jurisdiction of the court over the defendant. If the court had no jurisdiction, then of course, the judgment is a nullity. Section 23 of chapter 95½ of the Illinois Revised Statutes, 1947 [Jones Ill. Stats. Ann. 85.023], provides for service upon the Secretary of State where the defendant is a nonresident, and that the use of the highway with a motor vehicle by such nonresident, constitutes the Secretary of State as his attorney in fact, for service. The defendant states in his brief that he does not question the power of the Legislature of the State of Illinois to enact section 23 of the Motor Vehicle Act. In other words, no question is raised as to the validity of the Act, but question is made as to the method used by the plaintiff in securing service under that Act. The validity of the Act being conceded, the only question in that regard before the court is whether or not the plaintiffs did those things necessary under the Act to secure service. The plaintiffs, by their attorney, in their request for summons, say that the defendant is a nonresident and that his last-known address was A. P. O. No. 334 San Francisco, California. That is not denied except by denial that it has been proven. If the defendant's address was an A. P. O. number in San Francisco, California, then it would seem that he was a nonresident within the meaning of the Act. The plaintiff secured process and in compliance with said section 23 filed the same with the Secretary of State. The statute requires service upon the Secretary of State, or by filing the summons

in his office. This would allow two methods of service upon the Secretary of State as attorney in fact for the defendant. Service of the process by an officer authorized to serve such summons, or by filing the same in the office of the Secretary of State. In this case the plaintiffs filed the summons with the Secretary of State. The proof of such filing is the letter of receipt from the office of the Secretary of State, as it appears in the record. After filing the summons with the Secretary of State it became the duty of the plaintiffs, under said section 23, within ten days after such filing, to mail by registered mail to the defendant at his last-known address, a copy of the summons filed with the Secretary of State, together with an affidavit of compliance with the provisions of said section 23. This appears to have been done. The validity of the law authorizing such service being conceded by the defendant, the record showing that the provisions of the law had been followed and all requirements met, it would seem to this court that due service was had on the defendant. It is true that there are a number of cases that hold that the plaintiff could not serve the summons in his own case and we have no quarrel with the law as laid down in those cases, but in this case and in the cases which fall within the provisions of section 23 of chapter 95½ of the statute above cited, a new and other procedure is also provided for service of process. That procedure was followed by the plaintiffs in securing service on the defendant in this cause. We hold the service on the defendant in this cause to be good.

██ ██ The plaintiffs contend that the telegram sent by the defendant Bentz to the circuit court judge of Champaign county was a general appearance. We do not think so. We agree with the law announced in *Feltenstein v. Stein,* 51 Ill. App. 426, where it is said that the judge is not the court. The court is a legal

entity, created by the Constitution and the judge is the presiding officer, only. Under our system, there are three judges of a circuit court. Each of these judges when he presides, holds court. A telegram to either of these judges or a letter, while addressed to the judge, as the judge of the circuit court of Champaign county, is to the individual and not the court.

The defendant complains that his rights under the Soldiers' and Sailors' Civil Relief Act were not respected or protected. Article II of the Soldiers' and Sailors' Civil Relief Act provides as follows: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and *shall*, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." (U. S. Code Annotated, Title 50, Section 521.)

██ ██ The emphasis on the word "shall" in the above entitled Act, is by the court to emphasize the mandatory provision of the Act. This provision was to assure the man or woman in military service, his or her day in court. In this case, the defendant being in Guam, he could not be present or conduct his defense. While the Act gives the trial court some discretion in granting a continuance where the ability of the defendant to conduct his defense is not materially affected by reason of his military service, in the light of the facts in this case, the action of the trial court in refusing a stay or continuance, operated to deny the defendant Bentz of his day in court, Bentz was entitled to make his defense and by the refusal of

the court to continue the case, he was deprived of that right. Whether Bentz has a good defense to the action is not material. He is entitled to be present in court and present his defense. We think the trial court erred in refusing to grant a continuance under the provisions of the Soldiers' and Sailors' Civil Relief Act, above cited.

▋ The contention of the defendant that the appointment of a guardian *ad litem* and his appearance at the trial did not constitute any appearance by the defendant, is next considered. The guardian *ad litem*, by way of special answer, asked that the cause be continued on the ground that the defendant was in the military service and was entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act. If the defendant Bentz was entitled to a continuance, and we think he was in this case, then the acts of the guardian *ad litem* could not bind the defendant. We think the law is well settled that the guardian *ad litem* cannot waive any rights of the defendant. The Soldiers' and Sailors' Civil Relief Act provides that ''no attorney appointed under this Act to protect a person in military service shall have power to waive any right of the person for whom he is appointed or bind him by his acts.'' (U. S. Code Annotated, Title 50, Section 520, Subparagraph 3.)

▋ The disclosure that the defendant was insured is urged as a ground for reversal. If this cause had been tried before a jury, we might so consider it but this cause was tried before the court. We agree that the injection of insurance or intimation of insurance is improper when trial is by jury. (*McCarthy v. Spring Valley Coal Co.*, 232 Ill. 473; *Eldorado Coal Co. v. Swan*, 227 Ill. 586; *Mithen v. Jeffrey*, 259 Ill. 372.) We are not prepared to hold that this is reversible error where the trial is by the court as it was in this case.

██ In the motion for a new trial the defendant urged that a qualified judgment was void. Owing to the fact that the cause has to be reversed for failure to grant a continuance to the defendant, it is unnecessary to pass on this point and it will undoubtedly not arise on a retrial.

For the reasons above stated, this cause will be reversed and remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*