293 P.2d 663

**Gertrude B. NEWELL, Plaintiff-Respondent,**

v.

**Robert M. NEWELL, Defendant-Appellant.**

**No. 8289.**

Supreme Court of Idaho.

Jan. 13, 1956.

Rehearing Denied Feb. 27, 1956.

356

Carver, McClenahan & Greenfield, Boise, for appellant.

· Richards, Haga & Eberle, Boise, for respondent.

SMITH, Justice.

This appeal is designed to test the jurisdiction of the trial court to grant a divorce to respondent, Gertrude B. Newell, and to award her the custody of minor children, in view of an existing interlocutory judgment of divorce granted appellant, Robert M. Newell, by the Superior Court of California, in and for Los Angeles County, and further decree in that action awarding to him the custody of the minor children.

Respondent and appellant were married in the State of California November 1, 1942. Three children were born as the issue of their marriage.

June 10, 1953, respondent accompanied by the children left California and, after visiting relatives in Montana, arrived at McCall, Idaho, about July 10, 1953.

August 17, 1953, appellant commenced an action for divorce against respondent in the Superior Court in and for Los Angeles County, California, Case No. D–11260. August 24, 1953, respondent was served in Idaho, with process issued out of said California court and cause, but she did not appear personally in that action. September 28, 1953, the California Superior Court granted appellant an interlocutory judgment of divorce, with the right to a final decree of divorce after the expiration of one year; set over to him the community property of the parties; awarded to him the custody of the children, and ordered respondent to deliver the children forthwith to him.

August 22, 1953, respondent commenced an action for divorce against appellant in the District Court of the Fourth Judicial District in and for Gooding County, Idaho. Simultaneously with the filing of the complaint, the Idaho court issued its restraining order directed to appellant, which reads:

"It Is Hereby Ordered, That Defendant, Robert M. Newell be and hereby is restrained and enjoined during the pendency of this action and until further order of this Court from molesting Plaintiff, entering her home, or otherwise interfering with the custody and care by Plaintiff of the three children, Robert M. Newell, Christine Lindsey Newell, and William Charles Newell, or from taking said children out of the State of Idaho."

The restraining order was served on appellant September 14, 1953.

Appellant made a general appearance in the Idaho court and cause, and litigated the same on its merits.

June 22, 1954, the aforesaid California superior court, in Case No. 629775, a special proceeding commenced by respondent for a commission and subpoena to take depositions, entered an order restraining respondent from taking depositions of witnesses for use in her Idaho divorce action, and from proceeding any further in the Idaho action.

While the pleadings are voluminous, as is the evidence, the parties at the time of trial, July 12, 1954, were able to clarify their respective positions and the issues involved.

They stipulated that their three minor children were corporeally in Idaho in the care of respondent, their mother; also that respondent is a fit and proper person to be awarded the custody of the children, if the Idaho court has jurisdiction to make a custody award to her.

Appellant urged lack of jurisdiction of the Idaho court to grant respondent any relief in her divorce action because the California Superior Court in and for Los Angeles County, in the case of Robert M. Newell, plaintiff, v. Gertrude B. Newell, defendant, No. D–11260, entered an interlocutory judgment of divorce in favor of Robert M. Newell [September 28, 1953], and in Case No. 629775, Gertrude B. Newell, plaintiff, v. Robert M. Newell, defendant, entered a restraining order and injunction [June 22, 1954, restraining Gertrude B. Newell from taking depositions for use in her pending Idaho divorce action

and from proceeding any further in said action]. Appellant introduced in evidence authenticated copy of said proceedings, subject to respondent's objections to the validity and effect thereof.

Appellant alleged that said California judgment and order are final and conclusive, entitled to full faith and credit, res judicata and not subject to collateral attack in Idaho. He relied upon said proceedings in bar of respondent's divorce action commenced in Idaho.

Respondent asserted that the Idaho court not only was not precluded by the California proceedings, but it had jurisdiction to determine the issues involved in respondent's Idaho divorce action.

Appellant neither pleaded nor proved any California law. Respondent on the other hand proved certain California law in instances hereinafter referred to and was allowed amendment of her pleadings to conform to her proof.

August 31, 1954, the trial court made and entered its findings of fact and conclusions of law. The court by its judgment, made and entered the same date, granted a divorce to respondent from appellant and awarded to her the custody of the children; also ordered appellant to make certain payments to respondent, for child support; for respondent's community share of a certain automobile of which the court obtained jurisdiction in Idaho, and for attorneys fees and costs. The court then further decreed as follows:

"It Is Further Ordered, Adjudged And Decreed that the Court has considered and recognized the interlocutory decree of divorce made and entered in the Superior Court of the State of California in and for the County of Los Angeles, Pasa–D–11260 on or about September 25, 1953, between the parties hereto and that the same be, and hereby is, declared and decreed to be interlocutory, ex parte or default, not final and on substituted service and is not res judicata or entitled to full faith and credit;

"It Is Further Ordered, Adjudged And Decreed that the Court has considered and recognized the restraining order in the special proceeding in said California Court, No. 629775, and the same be, and hereby is, declared and decreed to be not final and to have been issued without jurisdiction, not responsive to or within the special proceeding involved, not res judicata, not entitled to full faith and credit, and is a nullity;"

The determinative issue on appeal, as stated by the parties, is whether the trial court properly exercised jurisdiction in the face of both the existing interlocutory judgment of divorce granted appellant by the California Court, and that court's order restraining respondent from proceeding further in her Idaho divorce action.

The California Interlocutory Judgment

 Appellant contends that because of the peculiar California statutory law and construction thereof by the California courts, the interlocutory judgment is in fact final and entitled to full faith and credit. Appellant neither pleaded nor proved such California law and the Idaho trial court found that he had not, and correctly held that the Idaho law controlled. I.C. secs. 9–101, 9–304, 9–307 and 9–308; Moore v. Pooley, 17 Idaho 57, 104 P. 898; Cummings v. Lowe, 52 Idaho 1, 10 P.2d 1059; Mason v. Pelkes, 57 Idaho 10, 59 P. 2d 1087, certiorari denied 299 U.S. 615, 57 S.Ct. 319, 81 L.Ed. 453; Johnson v. Falen, 65 Idaho 542, 149 P.2d 228; Cole v. Cole, 68 Idaho 561, 201 P.2d 98. The rule is succinctly stated in Maloney v. Winston Bros. Co., 18 Idaho 740, 757, 763, 111 P. 1080, 1086, 1088, 47 L.R.A.,N.S., 634, with a wealth of supporting authorities, in the following language:

"We cannot take judicial notice of the laws of a sister state. In the absence of pleading and proof as to what the laws are in a sister state, we must assume that the same law prevails in the foreign state that prevails here."

Appellant concedes that unless the California interlocutory decree is final it is not entitled to full faith and credit.

██ A marriage is dissolved in Idaho only by death of one of the parties or by judgment of a court of competent jurisdiction declaring a divorce of the parties. I.C. sec. 32–601. The effect of a judgment decreeing a divorce is to restore the parties to the estate of unmarried persons. I.C. sec. 32–602.

Interlocutory means provisional, only temporary, not final; not a final decision of the whole controversy; made or done during the progress of an action: intermediate order. Black Law Dictionary, 3rd ed.; Webster New International Dictionary, 2d ed.

The divorce laws of Idaho make no provision for an interlocutory judgment of divorce, I.C. Title 32, chs. 6, 7 and 8; nor recognize the right to a divorce from bed and board. Radermacher v. Radermacher, 61 Idaho 261, at page 269, 100 P.2d 955.

No interlocutory judgment or decree is recognized as final or appealable in this state, except an interlocutory judgment in an action for partition of real property. I.C. sec. 13-201.

Under the laws of Idaho, which we must apply herein, the interlocutory judgment is not final. Where a judgment or decree is not final as measured by the laws applicable to it, it is not entitled to full faith and credit. Board of Public Works v. Columbia College, 17 Wall. 521, 21 L.Ed. 687.

The trial court considered the interlocutory divorce judgment in Case No. D-11260, and recognized it for what it was, i. e., as an interlocutory, ex parte, default judgment; then the court examined the finding in that case, that respondent was a resident of California on August 24, 1953, when personally served in Idaho with summons issued out of the California court and

cause; also it considered the recital that respondent appeared in said action.

Again, appellant neither pleaded nor proved any California law in support of his assertion that respondent was a domiciliary of California at said time.

The trial court found upon the undisputed evidence that respondent had conformed to Idaho's residence requirement before bringing her divorce action, i. e., that she established her residence in this state on or before July 10, 1953, and had been such a resident six full weeks preceding the commencement of her action August 22, 1953, on which date she filed her complaint.

The trial court also ruled, again in conformity with undisputed evidence, that at the time it granted respondent her absolute divorce August 31, 1954, she then was and at all times since July 10, 1953, had been a resident of and domiciled in this state. Respondent's intention to abandon her old residence and establish a new one in Idaho was corroborated by two witnesses. Respondent by indisputed evidence proved her domicile and residence and that of her children in Idaho and the court properly found thereon. I.C. secs. 32-701, 32-702 and 32-703; Robinson v. Robinson, 70 Idaho 122, 212 P.2d 1031; Hampshire v. Hampshire, 70 Idaho 522, 223 P.2d 950, 21 A.L.R.2d 1159.

The trial court further found that while substituted service was made on respondent in Idaho August 24, 1953, of summons

issued out of the California court in appellant's divorce action, respondent did not appear or in any manner participate in said California action. The court on inquiry found that respondent wrote a letter to a judge of the California Superior Court stating that she had no funds to go to California in connection with the custody order to show cause, which letter was placed in the file of the California divorce action; that respondent did not verify her letter, although appellant verified his complaint. That letter was stricken from the file of the California action, on motion made therein by appellant. Respondent did not pay any appearance fee, nor did she evince any intention to make an appearance in the case.

Respondent's letter did not constitute a personal appearance in appellant's California divorce action, and the trial court properly so held. Rutherford v. Bentz, 345 Ill.App. 532, 104 N.E.2d 343; In re Kimball's Estate, 155 N.Y. 62, 49 N.E. 331; Fortier v. Gumelsky, 148 La. 768, 87 So. 741.

Inasmuch as the substituted service of summons upon respondent in Idaho appears on the face of the judgment roll of the California case No. D–11260, appellant's assignment of error that the trial court permitted a collateral attack upon the judgment in said action is not well taken; for the California judgment shows on its face that it attempted to operate in personam as to custody of the children; whereas the findings in said action show that not only was respondent in Idaho at the time of service of summons upon her but also that the children were with her. Such judgment insofar as it attempts to operate in personam was and is void and subject to collateral attack since it was made and entered without the court having obtained jurisdiction of the person of respondent. An inspection of the judgment roll in said action, without further evidence, shows such portion of the judgment to be void for the reasons aforesaid. Weil v. Defenbach, 36 Idaho 37, 208 P. 1025. See also Clemens v. Kinsley, 72 Idaho 251, 239 P.2d 266, 269, wherein the nonresident wife was served with summons in a foreign state; this court held that the trial court "never acquired jurisdiction to determine the custody of this child, the service being by substitution, and the defendant and the child being out of the state."

A divorce action is classified as an action in rem or quasi in rem since the marital status is the res. Gorges v. Gorges, 42 Idaho 357, 245 P. 691. Substituted service does not warrant the rendition of a judgment in personam but merely authorizes proceedings in rem. Substituted service is ineffective to confer jurisdiction as to the personal rights and liabilities of the defendant. 49 C.J.S., Judgments § 24, p. 64; 42 Am.Jur., pp. 62–64, secs. 73–75; Crouch v. Crouch, 28 Cal.2d 243, 169 P.2d 897; State ex rel. Miller v. District Court, 120 Mont. 423, 186 P.2d 506; Indemnity Ins. Co. of North America v. Smoot, 80 U.S.App.D.C. 287, 152 F.2d 667, 163 A.L.R.

498, certiorari denied 328 U.S. 835, 66 S.Ct. 981, 90 L.Ed. 1611; Southern Mills v. Armstrong, 223 N.C. 495, 27 S.E.2d 281, 148 A.L.R. 1248.

■ A judgment wholly or in part in personam may not be awarded against a nonresident not personally served within the court's jurisdiction and not voluntarily appearing. Jackson v. Jackson, 290 N.Y. 512, 49 N.E.2d 988, 147 A.L.R. 668; Gulda v. Second National Bank, 323 Mass. 100, 80 N.E.2d 12, 15 A.L.R.2d 605; Bank of Edwardsville v. Raffaelle, 381 Ill. 486, 45 N.E. 2d 651, 144 A.L.R. 401; State ex rel. Miller v. District Court, Mont., supra.

The rule is stated in 42 Am.Jur., sec. 75, p. 64, as follows:

"A personal judgment based on constructive or substituted service on a nonresident who does not appear or otherwise assent to such mode of service is contrary to due process of law, and is not valid either in the state where rendered or elsewhere. This doctrine applies to all kinds of constructive or substituted process, whether service by publication, or personal service out of the jurisdiction in which the judgment is rendered. Such a judgment is not required to be enforced in another state, either by the due faith and credit clause of the Constitution, or the act of Congress passed in aid thereof."

■ The trial court properly made inquiry into the jurisdiction of the California court in which the judgment was rendered, and into the facts necessary to give jurisdiction. The rule is stated in Mason v. Pelkes, 57 Idaho 10, at page 33, 59 P.2d 1087, at page 1097, in the following language:

"Article 4, § 1 of the Constitution of the United States requires that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, but this provision does not preclude inquiry into the jurisdiction of the court in which the judgment was rendered, or into the facts necessary to give such jurisdiction; nor are the courts of a state required to give full faith and credit to a judgment rendered by a court of another state which had no jurisdiction of the subject-matter or of the parties."

See also Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85. Even record recitals of jurisdictional facts do not preclude oral testimony as to the circumstances of those facts. Brown v. Fletcher's Estate, 210 U.S. 82, 28 S.Ct. 702, 52 L.Ed. 966; Thompson v. Whitman, 18 Wall. 457, 21 L.Ed. 897; Knowles v. Gaslight and Coke Company, 19 Wall. 58, 22 L.Ed. 70; Thum v. Pyke, 8 Idaho 11, 66 P. 157.

### Restraining Order

Respondent produced as one of her witnesses an attorney at law, admitted to practice and for many years a practitioner in the courts of the State of California. He

testified concerning the California law applicable to the proceeding, Case No. 629775, wherein respondent made application for a commission and subpoena to take depositions in that state for use in her Idaho divorce action; that such is a special statutory proceeding in which the court exercises no equity jurisdiction, nor any power beyond the scope of the application. "Special proceedings established by statute must strictly follow the statute, and a court sitting therein has no general or equitable jurisdiction." 1 Cal.Jur.2d 635. The California court, after hearing respondent's said application, made a minute entry granting appellant's motion "to quash subpoena*e* and subpoena*e* duces tecum * * *, and plaintiff is restrained from taking depositions in this county to be used in the Idaho proceedings."

■ The trial court then found, in accordance with the aforesaid evidence, which was undisputed, that appellant, in spite of and in disregard of such minute entry, prepared and had signed an order, without notice and without findings or conclusions of law, and in such special proceeding, the additional injunctive order directed against respondent restraining her from proceeding further in her Idaho divorce action, contrary to the California law, Cal.Code Civ.Procedure, secs. 632 and 634; Rule 19, Superior Courts of California; Kaliterna v. Wright, 94 Cal.App.2d 926, 212 P.2d 32. The trial court then further found that at the time appellant obtained the California interlocutory judgment and at the time he obtained the restraining order, upon which he relies, he well knew that the Idaho trial court August 26, 1953, had issued its injunctive order (served upon appellant September 14, 1953), restraining him from molesting respondent or interfering with her custody and care of the minor children, and that he well knew said children were in respondent's care in the State of Idaho. The restraining order, being not responsive to, nor within the issues of, such special proceeding, was not entitled to full faith and credit and therefore was and is a nullity; the trial court properly so ruled and decreed.

■ A judgment of a sister state which upon inquiry is found to include an abuse of process or a flagrant departure from ordinary judicial procedure is not entitled to full faith and credit. Andrews v. Andrews, 188 U.S. 14, 23 S.Ct. 237, 47 L.Ed. 366.

■ Appellant's assignment that the trial court erred in refusing to stay the Idaho proceedings pending disposition of an appeal from said restraining order in the California case, No. 629775, is not well taken. Appellant's motion to stay the proceedings went to the sound discretion of the trial court. No abuse of that discretion appears, particularly in view of the invalidity of such restraining order. Graves v. Backus, 69 Minn. 532, 72 N.W. 811; Prudential Ins. Co. v. Zimmerer, D.C. Neb., 66 F.Supp. 492.

366

The record shows that the trial court had jurisdiction of an automobile belonging to the parties; therefore, the court properly decreed and disposed of the community interests of the parties therein.

We deem it unnecessary to consider appellant's further assignments of error.

The judgment of the trial court is affirmed. Costs to respondent.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.