HARRY GRAVES, APPELLANT, V. RICHARD J. BEDNAR, APPELLEE.

95 N. W. 2d 123

Filed February 20, 1959. No. 34495.

*Theodore L. Kowalski* and *Norman Denenberg,* for appellant.

*William P. Mueller* and *Kennedy, Holland, DeLacy & Svoboda,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This action involves an alleged cause of action for damages. It comes here on appeal from an order of the trial court granting the defendant a continuance under the provisions of the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C. A., Appendix, § 521, p. 545.

We reverse the order of the trial court and remand the cause for trial with directions.

Plaintiff's petition was filed October 23, 1953. He alleged a collision occurring October 6, 1953, between a motorcycle he was operating and an automobile defendant was operating. Plaintiff sought recovery of damages to person and property. Defendant answered on November 23, 1953. He denied negligence, alleged contributory negligence, and denied liability.

It appears that the defendant was ordered to active duty with the United States Army on July 2, 1954, and either entered on active duty then or in September 1954, for a period of 3 years.

The cause was stipulated for trial in December 1953. Defendant's deposition was taken by plaintiff on April 24, 1954, at which time he was represented by counsel. In November 1954, it was announced that the case would have to be set specially. Plaintiff then, through 1955 and 1956, made repeated informal efforts without success to get the defendant to agree on a date of trial.

During all of this time it appears that the defendant was in the United States at Fort Benning, Georgia; at school in Virginia; and at Aberdeen, Maryland. He came home to Omaha at Christmas time in 1954. He was in Omaha again for his father's funeral in November 1955, and again at Christmas time in 1956 for his wedding. It does not appear that he contacted his counsel when at home on those occasions. We find no showing that counsel contacted him during any of this period.

Defendant was sent on military duty to France in January 1957. At some period—the time is not shown—defendant became a commissioned officer in the regular army, and determined to make army service a career.

On June 17, 1957, the cause was set for trial in regular sequence after pre-trial conference.

On September 10, 1957, defendant filed a motion for continuance, claiming the benefits of the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C. A., Appendix, § 521, p. 545. He offered three affidavits in support of the motion. One was that of his counsel that it would be prejudicial to defendant's rights to try the cause in defendant's absence. Defendant offered his own affidavit dated September 3, 1957, that he was then on duty in France with the Procurement Branch of the Judge Advocate Division and with the additional duty

of acting as trial counsel of General Courts Martial; that his wife was pregnant and expecting delivery of a child in October 1957; that he was living apart from other Americans in a rural area without telephone service, and several miles from a medical facility; that his wife would depend on his services at the time of delivery of the child; and that it would create a "serious conflict" with his military duties and "operate as an unreasonable hardship" for him to journey to the United States "in the next several months."

He offered also the affidavit of an "Asst AG Personnel Officer," dated September 3, 1957, to the effect that defendant was then serving in Europe and was scheduled to return to the United States in January 1960.

Plaintiff moved to quash the motion for a continuance. On September 19, 1957, the trial court denied the motion to quash and the motion for continuance was sustained "until such time as the defendant is able to return to the United States to participate in the trial of the case."

Plaintiff filed a motion for a new trial.

During the pendancy of that motion the plaintiff moved for an order setting the case for trial at the "top of the list of cases ready for trial." Defendant moved to quash this motion. Hearing was had on that motion. On December 18, 1957, the trial court sustained the motion to quash.

On June 17, 1958, hearing was had on the plaintiff's motion for a new trial. The factual matters herein recited were offered in evidence at that time. The court in effect re-examined the entire matter. The motion was overruled.

Plaintiff appeals.

Section 521 of the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C. A., Appendix, p. 545, provides: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such

service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501-548 and 560-590 of this Appendix], unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

Section 524 of the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C. A., Appendix, p. 577, provides in part: "Any stay of any action, proceeding, attachment, or execution, ordered by any court under the provisions of this Act [sections 501-548 and 560-590 of this Appendix] may, except as otherwise provided, be ordered for the period of military service and three months thereafter or any part of such period, * * *."

In Kindy v. Koenke, 216 F. 2d 907, it was held that: "The intent of the Soldiers' and Sailors' Civil Relief Act of 1940 is that stays granted solely on account of the serviceman's military service be terminated at the expiration of the period specified in the Act." The extent of the stay is limited to "the period of military service and three months thereafter *or any part of such period* * * *." (Emphasis supplied.)

The order of the trial court continuing this case "indefinitely" as it is expressed in one order or "until such time as the defendant is able to return to the United States to participate in the trial of the case" is clearly an order beyond the discretionary power of the trial court and beyond the limitation provided in section 524 of the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C. A., Appendix, p. 577. It accordingly must be and is set aside.

The above conclusion requires a reversal of the trial court's order and a remand of the cause. It does not solve the problem of getting this cause set for trial and tried. We go then to the question of whether or not

defendant was entitled to a stay under the Soldiers' and Sailors' Civil Relief Act on the showing made.

In Sullivan v. Storz, 156 Neb. 177, 55 N. W. 2d 499, 34 A. L. R. 2d 1142, we held that the determination of an application under section 521, 50 U. S. C. A., Appendix, of the Soldiers' and Sailors' Civil Relief Act, depends on the facts and circumstances of each case.

When the court ruled on this motion in September 1957, it had a showing as to the defendant that his wife was expecting delivery of a child in October 1957, and his presence was required there; and that his return to the United States "in the next several months" would be an "unreasonable hardship." The unreasonable hardship contention obviously relates to the wife's condition. Within the normal course of things that problem would have been removed within a few weeks of the date of the affidavit. There is no showing or contention here that it was not so removed. In any event at the time the court re-examined this question in June 1958, the time of the expected birth as well as the "next several months" from September 3, 1957, had both passed. So the fact showing of unreasonable hardship necessarily had no bearing on the final determination of this matter. Whatever validity that reason may have had, it was but a temporary situation and had ceased when the order was entered from which this appeal was taken.

The only other reason advanced for preventing the cause being set for trial is that the defendant is on military duty in France and is scheduled to rotate to the continental United States during January 1960. There is no showing or contention that he has applied for leave to return to the United States for the trial of this cause and of necessity therefrom no showing that he has been unable to secure leave.

In Sullivan v. Storz, *supra,* we stated: "Obviously the question of a leave to attend trial would not arise until a trial date had been set. Just as obviously the

defendant has not asked for leave nor undertaken to explore that situation. He has prevented the case being set for trial, an obvious preliminary to such a request. He relies upon the fact that he is in the military service as the basis of preventing this cause coming to trial."

We held: "Section 521, 50 U. S. C. A., Appendix, of the Soldiers' and Sailors' Civil Relief Act cannot be construed to require a continuance on a mere showing that the defendant was in the military service. * * * The act clearly requires that there be a present and not a mere anticipatory danger."

As was said by the Supreme Court of Minnesota in Luckes v Luckes, 245 Minn. 141, 71 N. W. 2d 850, 54 A. L. R. 2d 384, in considering affidavits in support of a motion for stay under the Soldiers' and Sailors' Civil Relief Act, a court may attach significance not only to what an affiant said but what he failed to say. Accordingly we consider the fact that defendant is silent either on his asking for leave to attend trial or his ability to secure such leave.

In Stalcup v. Ruzic, 51 N. M. 377, 185 P. 2d 298, this situation was presented: A damage action for personal injuries in an automobile collision was brought against three defendants. Plaintiff secured a judgment. One defendant asserted error in the court's denial of a continuance under the act here being considered. The opinion recites that defendant was forced "to defend at a time when he was in Germany as a member of the United States Army." In affirming a denial of a continuance the court said: "The motion did not show that any attempt had been made to procure leave for appellant so that he could be present at the trial. In fact, any showing of diligence on his part is wholly lacking, * * *."

In Sharp v. Grip Nut Co., 116 Ind. App. 106, 62 N. E. 2d 774, the court said: "Courts should be alert to extend to service men the full measure of protection

afforded by the Act. It has been said, the Act must be liberally construed to protect those in the military service, and that the discretion vested in trial courts is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. * * * With that statement no one could disagree, but the man in service must himself exhibit some degree of good faith and his counsel some degree of diligence."

We bear in mind that this cause of action arose before defendant's military service began. It was at issue on November 23, 1953. Depending on whether defendant entered military service in July or September 1954, this cause was pending and at issue either 7 or 9 months before military service began. Thereafter defendant remained in the continental United States until January or February 1957. During that time he was in Nebraska within the jurisdiction of the court on three occasions. It does not appear that he contacted his counsel on any of these occasions. It was not until September 1957, almost 4 years after the alleged cause of action against him arose, that he sought to stay proceedings under the Soldiers' and Sailors' Civil Relief Act.

We call attention, then, to Glick Cleaning & Laundry Co. v. Wade, 206 Ark. 8, 172 S. W. 2d 929, where a continuance under the act was refused on the ground that defendant did not use due diligence to procure an adjudication of his rights at a time when it could be done. The court, affirming the judgment of the trial court, discussed the matter of intentional procrastination, the absence of a showing of effort made in good faith to respond to orderly processes of the court, and the fact that defendant did not apply for leave or show that deferment was refused. In that case the defendant was a lawyer. Here the defendant is a law school graduate and engaged in legal duties in the army. The court then said: "By this we do not mean to say that if

duty should call to the service one who has a suit pending, such litigant may place his personal interest before the national need. The exact contrary is true. What is intended is that when, as here, a man knows weeks in advance that his application for a commission will probably be accepted, and that he will be called at a known date, there is a dual duty of making ready for induction and of facilitating work of the court in the forum where such defendant's litigable interests are pending."

Defendant here relies on Rutherford v. Bentz, 345 Ill. App. 532, 104 N. E. 2d 343. The facts there are distinguishable from the instant case. There an automobile collision happened on June 9, 1949. Defendant, a soldier, was not in Illinois when the suit was started, and was on his way to Korea. Service upon defendant as a "nonresident" was made on the Secretary of State. Defendant "wired" the judge that he was in military service on Guam and requested protection of his rights under the Soldiers' and Sailors' Civil Relief Act. A guardian ad litem for defendant was appointed to defend. Judgment was for the plaintiff. The opinion does not show the dates involved except that of the accident. However, the cause was determined in the court on appeal 2½ years after the accident. The fact elements there are not comparable to the long and inexcusable delay occasioned here.

Defendant relies on Register v. Bourquin, 203 La. 825, 14 So. 2d 673. There the automobile accident occurred on July 27, 1942. Suit was brought September 30, 1942. Defendant entered the armed services in December 1942. The motion for stay was filed March 9, 1943. Stay was granted. The question was determined on writ of certorari by the Supreme Court on June 21, 1943, less than a year after the occurrence of the accident. The factual reasons for the court's judgment are not set out. It is patent that the act was

not being used for the purpose of delay, after all other means of delay had been exhausted.

Defendant relies on Davis v. Wyche, 224 N. C. 746, 32 S. E. 2d 358. This also was an automobile accident case. The accident occurred October 19, 1940. Defendant entered the service in February 1941. Suit was brought in April 1941. In October 1942, the defendant filed a motion for a stay. He was then in the military service in England. A hot war was then in progress. He returned to the United States and to the "Carolinas" in November and December 1943. He had been in combat service and was then under such physical disability as to justify a postponement. Later he was stationed in Kansas. In June 1944, when the hot war was still in progress, the trial court continued the cause. Its judgment was affirmed. We need do no more than recite the facts of that case to show that it has no controlling effect on the instant case.

We find that the evidence of record does not sustain the granting of a continuance under the Soldiers' and Sailors' Civil Relief Act.

We reverse the order of the trial court and remand the cause with directions to set the cause down for trial at a definite date and to try the issues presented within 90 days from the date of the mandate herein unless hereafter on proper procedures an adequate showing is made justifying a stay.

It is to be remembered that the purpose of the act is to protect rights and is not to grant immunity from liability.

REVERSED AND REMANDED WITH DIRECTIONS.