437 P.2d 366

Leonie Marie **BARTHEL**, Cecile Marie Barthel, Louis Vincent Barthel, Therese Barthel Senger, Edmond Barthel, Ferdinand Barthel, Marie Genevieve Wurtz, Helene Wurtz, Therese Wurtz, Charles Wurtz, Raymond Wendelin Wurtz, Pierre Antoine Wurtz, Plaintiffs-Respondents,

v.

W. A. **JOHNSTON**, Administrator with will annexed of the estate of John B. Barthel, deceased, Defendant-Appellant.

No. 9977.

Supreme Court of Idaho.

Feb. 8, 1968.

W. A. Johnston, Boise, for appellant.

W. J. Brockelbank, Moscow, for respondents.

SPEAR, Justice.

This is an appeal from a decree of the district court affirming an order of final distribution from the probate court.

The facts of this case are without dispute. John B. Barthel died testate on May 16, 1953, a resident of Ada County, Idaho, leaving an estate consisting entirely of personal property situated therein. Deceased's will left the residue of his estate in equal shares to his brother, Ludweg Barthel, and sister, Monica Wurtz, both residents and citizens of France.

After petition for probate was filed but before a final decree of distribution could be entered, the legatees under the will of John B. Barthel died intestate in France, sister Monica on October 23, 1954, and brother Ludweg on July 26, 1955.

Thereafter, on August 20, 1965, respondents in this case, the children and grandchildren of the deceased legatees under the will, petitioned the Ada County Probate Court asking that final distribution be made to them as the legal heirs of sister Monica and brother Ludweg entitled to succeed to their estates. Such an order was granted by the probate court in favor of respondents on July 16, 1966, and upon a trial de novo, the district court affirmed the decree of distribution of the probate court and entered judgment thereupon.

While appellant asserts eleven assignments of error, the primary issue contested by both parties is whether I.C. § 15–1310 permits the direct distribution of the estate of John B. Barthel to the legal heirs of deceased legatees under his will without the appointment of a "representative." I.C. § 15–1310 provides as follows:

"If any heir, legatee or devisee of an estate shall die after the death of decedent

and before the distribution to him of any part of said estate, then the property to which he might be entitled, if living, shall be and become a part of his estate and the same *may* be distributed to the representative of his estate for the purpose of administration therein, with the same effect as if distributed to him if living." (Emphasis supplied.)

It is appellant's contention that the proper interpretation of the word "may" as used in this statute means "must" unless there is an express statutory provision to the contrary. Otherwise, there can be no distribution without administration; or phrased differently, there is no person with whom the administrator may deal other than the legal representative of deceased legatee's estate.

For the purposes of this appeal, however, it is not necessary to decide this question of statutory interpretation. I.C. § 55–401, dealing with conflict of laws, provides that "if there is no law to the contrary in the place where personal property is situated, it is deemed to follow the person of its owner and is governed by the law of his domicil." When construed in conjunction with this statute, the portion of I.C. § 15–1310 which is controlling in this case reads:

"* * * then the property to which he [deceased legatee] might be entitled, if living, shall be and become a part of his estate * * *."

In substance, then, the question of final distribution must be decided under the laws of French succession.

While this court has consistently held that it will not take judicial notice of the laws of another jurisdiction, and that, in the absence of pleading and proof of what such laws are, they will be presumed to be the same as our own, Reynolds v. Continental Mortgage Co., 85 Idaho 172, 377 P.2d 134 (1962); Newell v. Newell, 77 Idaho 355, 293 P.2d 663 (1956); Mason v. Pelkes, 57 Idaho 10, 59 P.2d 1087 (1936); Maloney v. Winston Bros. Co., 18 Idaho 740, 111 P.

1080 (1910), respondents have, so far as the pleadings and proofs are concerned, complied with the dictates of our decisions.

By their second amended complaint, respondents have alleged that the law of France in regard to successions and estates is contained in Articles 718–792 of Book III, Title I of the Napoleonic Code. The effect of these articles is to provide that in France there is no personal representative of an estate (executor or administrator) in the sense that the term is used in Idaho, but that the property of the deceased vests directly in the heirs (article 724) and that the heirs take by right of representation.

During the course of trial, W. J. Brockelbank, attorney for respondents, testified to certain formal matters which required him to act as an expert witness both in the French language and French law. After laying an extensive foundation as to his credentials and expertise in both these areas, to which appellant neither objected nor challenged by cross-examination, Mr. Brockelbank offered into evidence numerous exhibits consisting of birth, death, marriage, collective heirship and notoriety certificates certified under seal, most of which were executed in the French language. Along with these certificates he appended his own English translations and testified that they were an accurate and correct translation of the French certificates into English. Appellant objected to these translations on the ground that it was improper for an opposing attorney to attest to such matters and also to some of the originals as not being in conformity with I.C. §§ 9–313 and 9–315(8). However, appellant did not object to the accuracy of the translations and the court admitted them into evidence, together with the originals, noting that the exhibits had been available to both parties since the hearing in probate court.

Thereafter, counsel for respondents offered the latest official edition of the Napoleonic Code (1965) in French, together with the last English translation of the French Civil Code (1930) (specifically sections 724, 739, 745 and 767), noting that

any disparities between the two were slight and insignificant as far as this case was concerned. Attached to this translation is Mr. Brockelbank's own translation of a later amendment. As an expert in French law, he further testified that the official Napoleonic Code is commonly recognized and used in the French courts and would, therefore, be applicable to this case. Appellant objected to both codes on the grounds that they were incompetent, irrelevant and immaterial as Mr. Brockelbank was not qualified to offer his expert opinion because he was the lawyer trying the case and that they were not in conformity with I.C. § 9–307. The court overruled this objection and admitted the exhibit as being in conformity with I.C. § 9–304.

We find no error in the rulings of the trial court. The originals of the certificates are in the form prescribed by statute and purport to be made by the proper legal custodian thereof. As such, they are prima facie evidence of their own genuineness and entitled to admittance in evidence without further proof. State v. Dawe, 31 Idaho 796, 177 P. 393 (1918).

Most jurisdictions, including Idaho, recognize the competency of an attorney to testify as to matters affecting his client, especially where these matters are purely formal in nature. Swaringen v. Swanstrom, 67 Idaho 245, 175 P.2d 692 (1946); 97 C.J.S. Witnesses § 71 (1957); 118 A.L.R. 954; Rule 151, Rules of Supreme Court and Board of Commissioners of Idaho State Bar.[1] Counsel's testimony in this case dealt only with purely formal matters relating to the custody and certification of official documents, the accuracy of his translations thereof, and the applicability and effect of the French law of succession. Appellant had the opportunity to cross-examine counsel and provide his own expert testimony, which he failed to do. Appellant's objection is not sufficient to justify exclusion of the testimony given by counsel in behalf of his clients. Swaringen v. Swanstrom, supra.

I.C. § 9–304 provides in pertinent part:

"Printed books or pamphlets purporting on their face to be the session or other statutes * * * of any foreign jurisdiction, and to have been printed and published by the authority of any such * * * foreign jurisdiction or proved to be commonly recognized in its courts, shall be received in the courts of this state as prima facie evidence of such statutes."

Appellant did not object to introduction of the Napoleonic Code and its translation on the ground that they did not purport to be the recognized authority in the courts of France, nor has he pointed out how the offer fell short of the requirements of the statute. As such, his objection cannot stand. Moore v. Pooley, 17 Idaho 57, 104 P. 898 (1909).

Additionally, appellant contends that respondents' claims are barred by the statutes of limitations, i. e., I.C. §§ 5–224 and 14–116. Neither of these sections is applicable.

I.C. § 5–224, a general four-year statute, is inapplicable because it had not yet started to run at the time I.C. § 15–1310 placed the estate of John B. Barthel under the controlling laws of French succession. Also it has never begun to run because the position of the administrator is that of a fiduciary and the statute does not become operative until he repudiates his trust. This

1. "Rule 151. The Canons of Professional and Judicial Ethics adopted by the American Bar Association and now (1951) in effect are hereby adopted as Canons of Ethics of the Idaho State Bar."
Section 19 of the Canons of Professional Ethics provides:
"When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client."

he has not yet done. Bancroft's Probate Practice 2d, § 339 (1950); Schneeberger v. Frazer, 36 Idaho 737, 213 P. 568 (1923). As stated in Bancroft's Probate Practice 2d § 1128: "[T]he relation of an executor to a legatee is that of trustee and cestui que trust. The duty on the part of the executor to pay the legacy continues until payment, or until, *after* the executor has taken a position hostile to the legatee, the statute of limitations has run." (Emphasis supplied.)

■ Section 14–116, the two-year statute of limitations, does not apply, because that chapter deals only with cases of succession. Succession is defined by I.C. § 14–101 as "* * * the coming in of another to take the property of one who dies *without disposing of it by will*." (Emphasis supplied.)

John B. Barthel disposed of all of his property by will and the respondents are not claiming by succession from Barthel but rather as successors of deceased *legatees* under the Barthel will.

In view of the foregoing determinations, it is unnecessary to discuss or rule upon appellant's remaining assignments of error. Appellant's position as administrator of the estate of John B. Barthel is in all respects safeguarded under the provisions of I.C. § 15–1331 if he carries out the provisions of the probate decree in good faith.

Judgment affirmed. Costs to respondents.

TAYLOR, McQUADE, McFADDEN, JJ., and YOUNG, D. J., concur.